On motion to dismiss filed July 9, allowed conditionally July 30,
dismissed and judgment affirmed September 27, 1921.

# DAVENPORT ET AL. *v.* THE JUSTICE COURT

## ET AL.

### (199 Pac. 621.)

**Criminal Law—Undertaking Conditioned as for Bail Insufficient on
Appeal, in Review of Conviction Before Justice.**

1.  On an appeal from a judgment of the Circuit Court dismissing
a writ of review to a justice of the peace to determine the suffi-
ciency of a conviction of crime, the undertaking for appeal must
be conditioned to pay all damages and costs as required by Section
551, Or. L., not conditioned as one for bail on appeal according to
the provisions of Section 1647.

**Criminal Law—Writ of Review is not "Criminal Action," and Under-
taking is Necessary on Appeal from Dismissal.**

2.  A writ of review to review a criminal prosecution before a
justice of the peace is not a criminal action, defined by Section 1374,
Or. L., as the proceedings by which a person is tried and punished
for crime, but, under Section 2515, is an exception to the provision
of section 1603, that the only method of reviewing a judgment or
order in a criminal action is by appeal as provided in that chapter,
and is governed by the Code of Civil Procedure, and can be sued
out any time within sixty days after judgment notwithstanding
Sections 2456, 2508, requiring appeals to be taken within thirty days,
so that an undertaking is necessary to an appeal from a judgment
dismissing such writ of review, though it is not necessary in an
appeal in a criminal action.

**Criminal Law—Appellant Given Time to File Undertaking on Appeal
from Judgment Dismissing Writ of Review in Criminal Proceed-
ings.**

3.  Under Section 550, Or. L., subdivision 4, authorizing permission
to amend an undertaking on appeal, parties appealing from a judg-
ment dismissing a writ of review to determine the sufficiency of
a judgment of conviction before a justice of the peace, who filed
an undertaking conditioned as for bail on appeal, instead of the
undertaking on appeal as required in civil actions, will be given
an opportunity to file a proper undertaking before the appeal is
dismissed.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

> ALLOWED CONDITIONALLY.   DISMISSED AND JUDG-
> MENT AFFIRMED.

For the motion there was a brief and an oral argu-
ment by *Mr. Willard H. Wirtz.*

*Contra,* there was a brief and oral arguments by *Mr. M. W. Skipworth* and *Mr. Jay H. Upton.*

BURNETT, C. J.—The defendant Hyde is a justice of the peace in district No. 1 of Crook County. The plaintiffs in this proceeding sued out a writ of review against Hyde and the Justice's Court to determine the sufficiency of a judgment rendered in that court convicting them on a complaint charging them with the crime of unlawfully having intoxicating liquor in their possession. In the Circuit Court the writ of review was dismissed. The plaintiffs gave notice of appeal on June 4, 1921.

On July 2, 1921, they filed in this court an abstract which contains a copy of the notice of appeal but no copy of the undertaking on appeal. The defendants now move to dismiss the appeal "for the reason that no valid appeal has ever been effected from the judgment of the Circuit Court for Crook County in that no sufficient undertaking on appeal or any undertaking on appeal whatsoever has been filed herein, and the time for so filing such an undertaking has expired according to law." This motion was filed July 9, 1921. The only information we have about any undertaking on appeal is contained in the statement of counsel for defendants made part of their brief on the motion to dismiss the appeal. The statement is to the effect that on June 4th the plaintiffs gave notice of the appeal and filed an undertaking on June 11th, the sureties of which were excepted to and were unable to justify. The plaintiffs, however, were allowed to file an amended undertaking, which they did on June 23, 1921. The statement concludes thus:

"This latter undertaking provides only that the appellants 'shall in all respects abide and perform the

orders and judgments of the appellate court upon the appeal, and if they fail to do so in any particular,' the sureties then agree to pay to the State of Oregon the sum of four hundred ($400.00) dollars for any such failure on the part of the appellant Alex Davenport and the sum of two hundred ($200.00) dollars for any such failure on the part of the other appellant."

Attached to the brief of the plaintiffs is their affidavit to the effect that in the prosecution of the appeal they have acted in good faith, with diligence and with the honest intent to prosecute the appeal to a final determination; that in securing and furnishing an undertaking they acted in good faith, on the advice of counsel; that a doubt has been raised as to whether or not a proper undertaking has been filed; and that they will file any other or further or additional undertaking which the court may deem proper, provided the court decides that the one now on file is imperfect.

1. In the absence of any exemplification of the undertaking in the record, we shall assume that the statement of defendants' counsel as to its purport is correct. The undertaking is conditioned as one for bail on appeal, according to the provisions of Section 1647, Or. L. On the theory that an undertaking on appeal is required on an appeal from a decision dismissing a writ of review, the present undertaking is not properly conditioned for that purpose. It is said in Section 551, Or. L. that:

"The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following: (1) If the judgment or decree appealed

from be for the recovery of money, * * that if the same or any part thereof be affirmed, the appellant will satisfy it so far as affirmed."

The conditions of an undertaking on appeal are governed by the section from which the foregoing excerpt is taken, and not by the statutes about bail.

2. The point was argued, however, that this is a criminal action, in which no undertaking on appeal is required, and the contention is correct, if this is indeed a criminal action. Many authorities dependent upon local statutes have been cited to the effect that a writ of review or what is practically the same, a writ of *certiorari*, partakes of the nature of the proceeding sought to be reviewed. Our statute, however, defines a criminal action, and by its definition we must be bound. Section 1374, Or. L., says:

"The proceedings by which a person is tried and punished for the commission of a crime is known in this code as a criminal action."

It is manifest that no one can be tried or punished for crime under the present proceeding. If any punishment is to be inflicted at all, it is by virtue of the judgment of the Justice's Court. We cannot say, therefore, under this statute, that this is a criminal action so as to exempt the appellants from giving an undertaking on appeal. We have been cited to Section 1603, Or. L., reading thus:

"Writs of errors and of *certiorari* in criminal actions are abolished, and hereafter the only mode of reviewing a judgment or order in a criminal action is that prescribed by this chapter."

This section proves too much for the benefit of the plaintiffs, if it alone is applicable, for it sweeps away the very foundation of this proceeding on review and restricts the examination of errors to the proceeding

by appeal. The only exception to the rule prescribed by Section 1603, Or. L., is found in Section 2515 of the Justice Code, being part of the original act passed by the legislative assembly convening September 12, 1864, and taking effect from and after the first day of May, 1865, entitled, "An act to regulate the civil and criminal procedure in Justice's Courts," and reading thus:

"No provision of this act, in relation to appeals or the right of appeal in either civil or criminal cases, must be construed so as to prevent either party to a judgment given in a Justice's Court from having the same reviewed in the Circuit Court for errors in law appearing upon the face of such judgment or the proceedings connected therewith, as provided in Chapter II of Title VII of the Code of Civil Procedure."

By the justice's act, therefore, if one would avail himself of the right to review a conviction in the Justice's Court, he is referred to the Code of Civil Procedure, covering the title "Writ of Review." That is part of the act of October 11, 1862, entitled, "An act to provide a Code of Civil Procedure." The justice's act was not adopted until two years later and did not take effect until May 1, 1865.

We have already shown that this proceeding initiated by private individuals as plaintiffs, suing out a writ of review, is not within the definition of criminal action; on the contrary, it is governed by part of the Code of Civil Procedure. It is said in Section 611, Or. L., after stating what the court may do upon review, that:

"From the judgment of the Circuit Court on review, an appeal may be taken to the Supreme Court in like manner and with like effect as from a judgment of such Circuit Court in an action."

When this legislative utterance was promulgated in 1862, it had reference only to civil and not to criminal procedure, for the Criminal Code was not yet in existence either for the Circuit Court or for the Justice's Court. We can confidently affirm, therefore, at least that review is not a criminal action. Although the procedure outlined is part of the Code of Civil Procedure, it is not necessary to say that it is a civil action. The statute enumerates it among special proceedings. After declaring in the general statute promulgating the Code of Criminal Procedure that a criminal judgment can be reviewed only by appeal, the legislature made an exception respecting the judgment of a Justice's Court as already alluded to in Section 2515, which says in substance that a criminal judgment in a Justice's Court may be reviewed in an appeal from a judgment on a writ of review in the Circuit Court, which must be taken in like manner as from a judgment of such Circuit Court in an action. Referring, as the language of the Civil Code did at that time, only to a civil action, he who would avail himself of review must comply with all the formulae of appeal required in a civil action, including the giving of a proper undertaking on appeal. This is not satisfied by an undertaking conditioned as upon bail on appeal.

Review and appeal from Justice's Courts are not identical in another respect; the appeal from a Justice's Court is taken within thirty days from the entry of judgment: Sections 2456 and 2508, Or. L.; while a writ of review may be taken out at any time within sixty days from the date of the decision complained of. In other words, under Section 2515 the law-making power has said to suitors: "You may in-

deed review the criminal judgment of a Justice's Court, but you must proceed in like manner as you would in reviewing the judgment of such a court in a civil action.'' So far as our research has extended, we find but four cases in Oregon Reports where the criminal judgment of a Justice's Court was attacked by a writ of review: *Hill* v. *State,* 23 Or. 446 (32 Pac. 160); *Curran* v. *State,* 53 Or. 154 (99 Pac. 420); *Morgan* v. *State,* 53 Or. 160 (99 Pac. 422); *Hulbert* v. *State,* 53 Or. 161 (99 Pac. 422). In all of these cases when appealing from an adverse decision of the Circuit Court dismissing the writ of review, as shown by the files of this court, the plaintiff in the writ furnished a regular undertaking on appeal, so that *pro tanto* at least, that has been the settled practice in the state and in our judgment is consonant with the statute. The question of bail is not presented by the instant record.

3. Without citing them, the decisions of the court hitherto have been extremely favorable to appellants, under subdivision 4 of Section 550, Or. L., reading in part that:

"When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

In the light of the precedents stated on this subect, it would be a violation of the rule of *stare decisis* to discuss whether there is any mistake shown in this record, or whether it is not a case where the appel-

lants, charged with the knowledge of the law, have made the issue to their own liking by contending that an undertaking is required. The order of the court, therefore, will be that the appeal will be dismissed, unless within twenty days from the making of the order the appellants shall serve and file in this court a proper undertaking, conditioned according to law as upon appeal, which in turn shall be subject to a motion to dismiss, if the defendants shall be so advised.

Allowed Conditionally. Dismissed and Judg-
ment Affirmed.

---

' Argued July 12, affirmed October 4, 1921.