Argued and submitted in Pendleton May 5,
reversed and remanded with instructions
to dismiss the writ July 21, 1980

In the Matter of the State of Oregon v. Leonard Coley.

COLEY,

*Respondent,*

*v.*

GRANT COUNTY JUSTICE COURT #1, et al,

*Appellants.*

(No. E-7473, CA 15450)

613 P2d 1100

Argued and submitted May 5, 1980, in Pendleton, Oregon.

Foster A. Glass, Canyon City, argued the cause and filed the brief for appellants.

Mike Kilpatrick, Mt. Vernon, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Warden and Warren, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff in this writ of review proceeding was a defendant in a criminal action pending in justice court. He failed to appear for a scheduled hearing in the justice court. The justice court ordered $300 bail he had posted forfeited. This proceeding challenges that forfeiture. The circuit court invalidated the forfeiture. We reverse.

*State v. Etling,* 256 Or 33, 470 P2d 950 (1970), said:

"The writ of review, provided for in ORS 34.010 - 34.100, is 'the writ heretofore known as the writ of certiorari.' ORS 34.010. Its use in criminal cases has been abolished by statute. ORS 138.010 provides as follows:

" 'Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300.'

"The only exception to the foregoing statutory rule is found in ORS 157.070, which provides:

" 'No provision of ORS 157.010 to 157.065 in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment or the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100.'

"See *Bechtold et al v. Wilson et al,* 182 Or 360, 379-380, 186 P2d 525, 187 P2d 675 (1947); *Davenport v. Justice Court,* 101 Or 507, 511, 199 P 621 (1921).

" * * * They (the provisions of ORS 157.070) permit review by the circuit court only of (1) an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment, or (2) the judgment."

An order forfeiting bail does not fall within these exceptions.

Reversed and remanded with instructions to dismiss the writ.