Argued December 17, 1924, petition and writ dismissed February 24, rehearing denied March 24, 1925.

## STATE EX REL. J. E. JOHNSON *v.* CIRCUIT COURT FOR DESCHUTES COUNTY.

(233 Pac. 563; 234 Pac. 262.)

**Appeal and Error—Supreme Court will not Decide Case on Constitutional Question When It may be Disposed of on Other Grounds.**

1. Supreme Court will not decide case on constitutional question when it may be disposed of on other grounds.

**Statutes—Statute Copied from Laws of Another State is Deemed Taken With Construction Placed on It by Courts of That State.**

2. Statute copied from laws of another state is deemed taken with construction placed upon it by courts of that state.

---

2. Construction of adopted statute, see notes in 1 Ann. Cas. 147; Ann. Cas. 1917B, 651, 660. See, also, 25 R. C. L. 1069.

**Judges—Affidavit of Prejudice Attacking Qualifications of Judge Held Filed Too Late.**

3. Affidavit of prejudice attacking qualifications of judge, filed under Sections 45—1, 45—2, Or. L., after one trial of cause was had and judgment therein set aside and new trial ordered, *held* too late.

### ON PETITION FOR REHEARING.

**Mandamus—Writ Ordering Change of Judges Based on Affidavit of Prejudice Held Insufficient in Failing to Show That Application Made Before Any Issue in Case Decided.**

4. Alternative writ of *mandamus* ordering judge to designate another judge, which stated that affidavit of prejudice was filed "after filing of action and before commencement of second trial," *held* insufficient because not showing application before judge had decided any issue in case.

**Mandamus—Return to Writ Ordering Change of Judge for Prejudice Held not to Aid Defective Writ.**

5. A return to writ of *mandamus*, ordering respondent judge to designate another judge, based on affidavit of prejudice, which return did not state whether affidavit and motion for change of judge were filed prior to any decision made by judge in case, *held* not to aid defective writ.

**Mandamus—Petitioner Failing to Take Any Steps After Refusal to Change Judge Until New Trial Granted not Thereafter Entitled to Mandamus, as He has Adequate Remedy by Appeal.**

6. Where plaintiff's affidavit of prejudice and motion for change of judge was denied, and he did not ask for *mandamus* until after judgment in his favor, and grant of new trial, *held* that, as he could appeal under Sections 548, 558, Or. L., and thus had a speedy and adequate remedy at law, in view of Section 613, he was not thereafter entitled to *mandamus*.

---

See (1) 26 **Cyc.** 474. (2) 26 **Cyc.** 476 (1926 Anno.). (3) 26 **Cyc.** 173.
See (1) 12 **C. J.** 780. (2) 36 **Cyc.** 1154. (3) 33 **C. J.** 1014.

Original proceedings in *mandamus*.

In Banc.

PETITION AND WRIT DISMISSED.

For plaintiff there was a brief over the names of *Mr. R. B. Parsons* and *Mr. John K. Kollock,* with an oral argument by *Mr. Parsons.*

---

3. See 15 **R. C. L.** 530.
6. See 18 **R. C. L.** 133.

For defendant there was a brief over the names of *Mr. H. H. De Armond, Mr. Jay H. Upton* and *Mr. Frank S. Senn,* with an oral argument by *Mr. Senn.*

BURNETT, J.—This is an original proceeding in this court against the judge of the Circuit Court for Deschutes County, wherein it is sought by *mandamus* to compel him to call in a circuit judge from some other court, or to apply to the Chief Justice of this court to send a judge to try a case then pending in the Circuit Court of that county. Sections 45—1 and 45—2 Oregon Laws read as follows:

"No judge of a Circuit Court of the State of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of (the) Supreme Court to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action or suit is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court.

"Any party to or any attorney appearing in any action, suit or proceeding in a Circuit Court, may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair trial before such judge."

From the writ issued out of this court it appears that a civil action was pending in the Circuit Court

which had been tried resulting in a verdict for the plaintiff and a consequent judgment which the Circuit Court set aside and ordered a new trial. At this stage of the proceedings, the plaintiff filed an affidavit of prejudice in conformity with the sections of the Code above set out. The writ has been answered and the cause heard, and much has been said for and against the constitutionality of the law.

In passing, it seems *apropos* to quote a comment by Mr. Justice VAN VALKENBURGH, in *Conn* v. *Chadwick & Co.*, 17 Fla. 428, concerning a similar statute:

"Until now it has been, as I supposed, universally conceded that the Constitution had vested the judicial power in the courts. Now, it seems to be claimed that the Legislature has the power to invest a party to a suit, or his attorney, with the judicial function to determine the disqualification of the Justices."

1. In that case however, the learned justice declined to pass upon the constitutionality of the statute and determined the issue on other grounds. Neither will we decide this case upon the constitutional question, for as said by Mr. Justice BROWN in *Davis* v. *Smith, In re Roedler's Estate,* 110 Or. 147 (22 Pac. 301):

"This court will not decide a case upon the question of the constitutionality of a legislative act, whenever there appear of record other grounds sufficient to sustain a proper disposition of the case in judgment. *Elliott* v. *Oliver,* 22 Or. 44 (29 Pac. 1). Also see *Briedwell* v. *Henderson,* 99 Or. 506 (195 Pac. 575), and the Oregon cases there cited."

2. *State* v. *Stilwell,* 100 Or. 637 (198 Pac. 559), cited by the petitioner, is authority for the principle that

"when a statute is copied from the laws of another state, it is usually assumed that it is taken with the

construction placed upon it by the courts in which it originated.''

In *State ex rel.* v. *Clifford,* 65 Wash. 313 (118 Pac. 40), the Supreme Court of that state held that the statute, which is almost word for word like ours and from which ours was taken, should be so construed that a party shall not be

''allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.''

3. In that case, all the court had done before the affidavit of prejudice was filed was to deny an application for postponement; yet that was enough to prevent the operation of the affidavit. Much greater is the reason for a like ruling in this case, where the plaintiff waited until the cause had been once tried before the judge whose qualification was thus tardily attacked. And again in *State ex rel.* v. *Superior Court,* 114 Wash. 335 (195 Pac. 25), the same court reviews the precedents in that state and concludes that where any decision has been made by the trial court, it is too late to file an affidavit of the kind herein questioned. The precept is thus stated there:

''The point we wish to emphasize is that a motion for a change of judges supported by an affidavit of prejudice, is timely made if filed and called to the attention of the court before it has made any ruling whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made.''

In *Harju* v. *Anderson,* 114 Or. 352 (225 Pac. 1100), the late Mr. Justice McCOURT considering a

similar situation, quoted the above excerpt and went on to say:

"The foregoing rule announced by the Washington court conforms to the accepted ideas of practice and fairness, and we approve the same for application in this state in respect to Circuit Courts in counties like Clatsop County, where there is no presiding judge who hears motions and demurrers, and assigns cases to the other departments of the Circuit Court for trial."

Here the petitioner for the writ seems to have experimented with the court presided over by Judge DUFFY and, having encountered an adverse ruling, has concluded to file his affidavit of prejudice, but according to the construction of an identical statute by the Supreme Court of Washington and adopted by this court in *Harju* v. *Anderson, supra,* his affidavit came too late and presented no question calling for the operation of the statute upon which the petitioner relies.

The petition and the writ are dismissed.

PETITION AND WRIT DISMISSED.

---

Rehearing denied March 24, 1925.

ON PETITION FOR REHEARING.

(234 Pac. 262.)

For the petition, *Mr. R. B. Parsons* and *Mr. John K. Kollock.*

*Contra, Mr. H. H. De Armond, Mr. Jay H. Upton* and *Mr. Frank S. Senn.*

BURNETT, J.—Herein is considered the plaintiff's petition for rehearing.

The alternative writ of *mandamus* issued out of this court at the suit of the plaintiff recites that the defendant is a judge of the Circuit Court with the statutory powers of such an official and that an action was instituted in the Circuit Court over which he presided, by the relator as plaintiff against three other parties as defendants. It is further alleged in the writ as follows:

"And it further appearing that heretofore, and after the filing of said action, and before the commencement of the second trial thereof, that the relator filed his duly verified affidavit of prejudice against you as the presiding Judge of said Court, and that based upon said affidavit the relator, by and through his attorney, filed a timely motion for a change of Judges to hear and try said case and cause.

"And it further appearing that you have failed and refused to sign an order to call in an outside Judge or to apply to the Chief Justice of the Supreme Court of the State of Oregon to designate another Judge to sit, * * and that you still so refuse. * *

"Now, Therefore, We command you that, upon receipt of this Writ, you immediately and forthwith enter an Order designating an outside Judge, * * or show cause, if any there be, * * why you have not done so," etc.

4. The former decision dismissing the writ was made upon the theory as supported by the precedents therein cited, that the application for change of judges should be made prior to any decision rendered by the obnoxious judge on any question of law or fact raised in the case. The writ fails to state facts sufficient to constitute a cause of action because it does not appear therefrom that the plaintiff made the application in time, or in other words before the judge had decided any issue in the case. The state-

ment of the time of putting in the affidavit of prejudice, "after the filing of said action, and before the commencement of the second trial thereof" leaves it utterly uncertain as to when the affidavit was in fact filed. If filed after the first trial of the action it was manifestly too late.

5. Now, however, in his petition for rehearing, the plaintiff relies upon the return of the defendant wherein the latter says in substance that on March 17, 1923, the plaintiff filed his affidavit of prejudice and motion for change of judges, and that thereafter on April 4, 1923, the defendant entered an order denying the motion. The answer, however, does not state whether the first affidavit of prejudice and motion for change of judges were filed prior to any decision of law or fact made by the judge in the case. On that point, the answer is subject to the same objection as that urged against the writ. The averments of the writ are not aided by the return.

6. Granting however that an affidavit was filed and motion made for change of venue before the judge had performed any duty respecting the case yet, the matter was ripe for *mandamus,* if at all, when he for the first time refused to call in another judge. The plaintiff could have sued out a writ then as well as at any later date. However, he took no steps in that direction until after the trial and judgment in favor of the plaintiff which was set aside and a new trial granted by order of the defendant sitting as such judge. At that juncture a new situation arose giving to the plaintiff a plain, speedy and adequate remedy at law in the shape of an appeal to the Supreme Court.

The plaintiff urges in his petition for rehearing that:

"The defendant herein having been divested of all jurisdiction, * * by the filing of the affidavit of March 17, 1923, with the exception of having the power to call in an outside judge, * * each and every act and order attempted or made by this defendant was wholly null and void. There was no legal trial, no legal verdict, no legal judgment rendered which could be enforced by or against either of the party litigants; no judicial determination of the issues therein involved for the reason that no legally and lawfully qualified Judge, having statutory jurisdiction over the parties, sat as the Court."

Conceding all this for the sake of argument, but not otherwise, we recall that an order setting aside a judgment and granting a new trial is an appealable order: Or. L., Section 548. We also read in Section 558, Or. L., that

"Upon an appeal, the appellate court may review any intermediate order involving the merits, or necessarily affecting the judgment or decree appealed from. * * "

We are also taught in *Smith* v. *Ellendale Mill Co.,* 4 Or. 70, that an appeal may be taken from a void judgment. But, whether void or voidable only, the order granting a new trial was subject to an appeal by means of which all interlocutory orders of any consequence could have been reviewed.

Clearly, therefore, all the questions urged by the plaintiff here, so far as they rest upon the first affidavit and motion, could have been worked out upon the appeal in the ordinary course of law. In such a situation the case is governed by the last clause of Section 613, Or. L., on the subject of *mandamus,* which says that:

"The writ shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law."

Manifestly the writ could not have been granted had the plaintiff applied for it immediately after the order had been made setting aside the judgment. He would have been met at the threshold by the principle that everything he sought to accomplish by the writ could be settled upon appeal. Under these principles he can find no support in the present contention by relying upon the first affidavit and motion. If he had chosen to enforce his right by *mandamus* based upon the first affidavit and motion he should have proceeded promptly and not slept upon his rights. Having in a sense waived his rights to *mandamus* by going on to trial, he is bound by the result of that experiment, and, so to speak, has himself constructed a Frankenstein monster through the operation of which his cause perishes. The petition for rehearing is denied.    REHEARING DENIED.