Argued March 23, affirmed March 30, 1926.

## W. L. BARTON v. O. S. BROWN.

(244 Pac. 660.)

Judges—Affidavit of Prejudice, Filed After Denial of Motion, Overruling Demurrer, and After Cause had Been Set for Trial, Held Too Late.

Affidavit of prejudice, alleging personal bias of judge, filed after motion to make more definite and certain was denied, demurrer to complaint was overruled, and case had been set for trial, *held* too late.

Judges, 33 C. J., p. 1014, n. 44.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.

The origin of this proceeding is as follows: An action to recover money was filed against defendant in December, 1923. The first pleading, on the part of the appellant, was a motion to make more definite and certain filed January 21, 1924, which was denied by the court. Thereafter, on the twenty-first day of February, 1924, defendant filed a demurrer to the complaint, which was overruled on the twenty-third day of February, at which time the defendant was given four days within which to file his answer, which was finally filed on the third day of March, 1924. Defendant was notified that said cause would come on for hearing on the twelfth day of March, 1924, at which time plaintiff was in attendance ready to try said cause. Whereupon, the appellant, after the cause had been set for trial, filed his application for change of venue alleging personal bias and prejudice on the part of the judge against himself. Such application, without stating any facts, was in the exact words of the statute. The trial court denied the mo-

tion on the ground that the same was not made in good faith, but for the purpose of hindering and delaying the trial of said cause. From this ruling the defendant appealed to' this court.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. O. S. Brown, in propria persona.*

For respondent there was a brief and oral argument by *Mr. Ray B. Compton.*

McBRIDE, C. J.—It is not necessary here to pass upon the constitutionality of this statute, nor upon the sufficiency of the affidavit. Both of these matters have been argued in another proceeding now before the court, and have not yet been decided. Under the ruling in *State ex rel. Johnson* v. *Circuit Court,* 114 Or. 6 (233 Pac. 563), it is clear that the affidavit of prejudice came too late, and, in fact, defendant so conceded upon the argument. It may be said that appellant's brief was filed on the twenty-ninth day of May, 1924, and the decision in *State ex rel. Johnson* v. *Circuit Court, supra,* had not then been rendered. Prior to that time, the question of the time for filing an affidavit of prejudice had not been passed upon and was still *in nubibus* in this state. But, adhering to that opinion, as we do, it is clear that the defendant's affidavit came too late and the court properly overruled it. This being the case, it is not necessary to discuss the question of good and bad faith, or any of the other questions raised on the brief. The judgment of the Circuit Court is affirmed.          AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.