Demurrer overruled September 9; argued on merits October 7;
peremptory writ of mandamus granted October 25, 1938

# STATE CAPITOL RECONSTRUCTION COMMIS-
## SION ET AL. *v.* McMAHAN
### (83 P. (2d) 482)

*J. M. Devers* and *Rex Kimmell*, Assistant Attorneys General (I. H. Van Winkle, Attorney General, on the brief), for petitioners.

*Wallace P. Carson*, of Salem (Carson & Carson, of Salem, on the brief), for defendant.

LUSK, J.  This is an original proceeding in mandamus brought by the State Capitol Reconstruction Commission to compel the defendant, L. H. McMahan, circuit judge for Marion county, to grant a motion for a change of judge in a case pending before him.  A demurrer to the alternative writ was filed by the defendant, and after argument thereon was overruled by the court without opinion on September 9, 1938. Thereafter, the defendant filed an answer and the petitioners their reply, and the case was heard on the merits.

The material facts, as gathered from the pleadings and a stipulation of counsel, are that on the 10th day

of May, 1938, the State of Oregon, acting through the Capitol Reconstruction Commission, filed a complaint in the circuit court for Marion county against Arthur Charles Boeschen and others in a proceeding to condemn certain real property of the defendants located in Salem, Marion county, Oregon. The defendants in the condemnation action made their first appearance therein by filing an answer on July 13, 1938, at 4:30 p. m. On July 14, at 9:12 a. m., and before any motion had been passed on by the trial judge, the following motion and accompanying affidavit were filed, and within a few minutes thereafter called to the attention of the defendant herein:

"Comes now the above named plaintiff by its attorneys and moves that the presiding judge or the judge of the above entitled court call in a judge from some other court or apply to the Chief Justice of the Supreme Court to send a judge to try the above entitled cause.

"This motion is based upon the affidavit accompanying the same and on Sections 1-405 and 1-406, Oregon Code 1930, as amended.

> I. H. VAN WINKLE
> Attorney-General of Oregon
> REX KIMMELL
> Assistant Attorney-General
> J. M. DEVERS
> Assistant Attorney-General

"STATE OF OREGON, ⎱ ss.
COUNTY OF MARION, ⎰

"I, J. M. Devers, being first duly sworn, depose and say that I am one of the attorneys for the above-named plaintiff; that L. H. McMahan, Judge of the above entitled court, is prejudiced against the above members of the Capitol Reconstruction Commission, or some of them, and that the State and the Commission cannot, and believe they cannot, have a fair and im-

partial trial before said judge; that this affidavit is made in good faith and not for the purpose of delay.

J. M. Devers"

(Jurat omitted)

At 4:20 p. m. of the same day the defendant made and filed an order in the condemnation case denying the foregoing motion.

Sometime later on the same day, namely July 14, 1938, another motion for change of judge and accompanying affidavit of prejudice were filed by the petitioner, Rex Kimmell, assistant attorney-general for the state of Oregon. The affidavit alleged that the defendant was prejudiced against the said petitioner.

The parties are agreed on all facts that the court deems material.

The constitutionality of the Oregon affidavit of prejudice statute was sustained in the case of *U'Ren v. Bagley*, 118 Or. 77 (245 P. 1074, 46 A. L. R. 1173), against the challenge that the legislature had, by the enactment of this law, presumed to exercise judicial power. In the instant case the defendant's answer does not allege that the act is unconstitutional, nor was it contended on the oral argument that it offends against any constitutional provision. So far, therefore, as the present case is concerned, the validity of the act must be taken as settled. In the U'Ren case, also, the act was construed and held to be absolute and mandatory. The court said:

"No discretion is vested in the judge against whom the affidavit is filed as to his recusation. When an affidavit is timely made and in substantial compliance with the statute, the disqualification of the judge is accomplished so far as proceeding further in that particular cause is concerned. There is no issue of law or fact to determine. The course that the judge must pursue is fixed by statute."

The provisions in question are section 1-405, Oregon Code 1930, and section 1-406, Oregon Code 1930, as amended by Oregon Laws 1935, chapter 106.

Section 1-405 provides in part as follows:

"No judge of a circuit court of the state of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of the supreme court to send a judge to try the case; * * *"

Section 1-406, as amended by Oregon Laws 1935, chapter 106, reads:

"Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney can not, or believes that he can not, have a fair and impartial trial before such judge, and that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact; provided, however, no such motion and affidavit shall be filed against any judge after such judge has passed upon any motion, except a motion to extend time or demurrer in any such action, suit or proceeding, except that such judge may allow such further time for the filing of such motion and affidavit, and except that in judicial districts having a population of one hundred thousand [100,000] or more, the affidavit and motion for change of judges shall be made at the time and in the manner prescribed in section 1-407, Oregon Code 1930. No party or attorney shall be permitted to make

more than one [1] application in any action or proceeding under this act."

The parties agree that this case is governed by the provisions of section 1-406 (as amended in 1935) and that section 1-407 has no application to Marion county.

From the facts stated it appears that the first motion for change of judge and accompanying affidavit of prejudice were filed and presented to the court on the morning of July 14, 1938, within one day after the action in the condemnation case was put "at issue on a question of fact" by the filing of the defendants' answer on July 13th controverting material allegations of the complaint (section 2-103, Oregon Code 1930), and, further, that the trial judge had not theretofore "passed upon any motion" in the proceeding. Hence, the requirements of the statute as to the time of filing the motion and affidavit were complied with, and unless the procedure followed by the petitioners was in some other respect substantially defective they are entitled to the relief which they seek.

Counsel for the defendant, in their brief and oral arguments, have suggested a number of reasons why the defendant was justified in denying the motion. In considering these we shall direct our attention solely to the first motion and affidavit.

It is contended, first, that the motion is not timely because it was made on the day of the trial and when the judge, jurors, court reporter, attorneys, and parties had assembled in the court room for the purpose of trying the case.

■ The petitioners in their reply have denied that these things took place, but, in view of the recitals in the order of the trial judge denying the motion, we shall

assume that the facts are as asserted by the defendant. It is urged that, while the filing of the motion may have come literally within the terms of the statute as far as time was concerned, it cannot be so treated in view of the circumstances to which reference has just been made, and that a "rule of reason" must be applied in interpreting the statute as was done in *State v. Funk*, 170 Wash. 560 (17 P. (2d) 11), and *Black v. Yoder*, 171 Wash. 341 (17 P. (2d) 850). In these cases it was held that the motion for change of judge was properly denied, in the former, because it was not made until immediately before the case was ready to be called for trial, and, in the latter, because it was not made until one day before the trial and five months after the defendant had appeared in the case. Without expressing any opinion as to the correctness of these decisions, it is sufficient to say that they are not in point because at the time of their rendition the Washington statute (Rem. 1927 Supp., section 209-2) contained no provision similar to that in section 1-406 of our Code, permitting the motion to be filed "within one day after such action, suit or proceeding is at issue upon a question of fact". Whether, under our statute, a party should be held to have waived his right to move for a change of judges after entering upon the trial of a case, although within the statutory time, is a question that we need not determine because it is not before us. Here, the trial had not begun when the affidavit was filed. The circumstances were unusual and the course of procedure irregular, because the case appears to have been set for trial before it had been put fully at issue by the filing of a reply. We assume that there will not be frequent recurrences of precisely similar situations; but, however that may be, we are not at liberty to disregard the plain language of the

statute and to hold that the motion was not within time simply because it was filed on the morning of the trial.

Nothing in the facts of the present case makes applicable the doctrine announced in *State ex rel. Johnson v. Circuit Court,* 114 Or. 6 (233 P. 563, 234 P. 262), that a party will not be permitted to experiment with the judge, and, having encountered an adverse ruling, disqualify him with an affidavit of prejudice. It is true that shortly before the Boeschen case was to be tried, the petitioners tried another condemnation case before the defendant, and, possibly were disappointed in his rulings. But the experimentation frowned on is experimentation in the very case in which it is sought to disqualify the judge. And whether we like the affidavit of prejudice statute or not—and there are those who do not—if the party invoking its aid conforms to its provisions, he is entitled to its benefits, if any there be.

■ It is next contended that the motion is defective because it requests "that the presiding judge or the judge of the above entitled court call in a judge from some other court or apply to the Chief Justice of the Supreme Court to send a judge to try the above entitled cause"; and, since there are two departments of the circuit court for Marion county (Third Judicial District), and since section 1-405 provides, when it is established in the manner provided by section 1-406 that the judge is prejudiced, he shall "forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of the supreme court to send a judge to try the case" that the petitioners have attempted to control the discretion of the trial judge by limiting his action, should he be disposed

to allow the motion, to the two latter alternatives. In other words, it is the apparent view of the defendant that the motion, as drawn, would have prevented him from sending the case to another department of his court. We think this contention is without merit. The statute does not prescribe the form or contents of the motion, but merely provides that prejudice of the circuit judge may be established "by motion supported by affidavit". It is sufficient if the motion manifests the party's desire for a change of judge and is supported by the statutory affidavit. The motion here states that it is based on sections 1-405 and 1-406 of the Code. The former section grants the judge the authority to pursue any one of the three alernative courses therein stated, and the petitioners could not, by their failure to mention all of them, limit the judge's discretion, nor does the motion on that account lack efficacy.

The condemnation action against Arthur Charles Boeschen and others was brought in the name of the State of Oregon by and through its Capitol Reconstruction Commission, composed of J. A. McLean and others. The affidavit of prejudice sworn to by J. M. Devers, assistant attorney-general, in support of the motion filed by the attorney-general, Rex Kimmell, assistant attorney-general, and Mr. Devers, alleges that "L. H. McMahan, Judge of the above entitled court, is prejudiced against the above members of the Capitol Reconstruction Commission, or some of them, and that the State and the Commission cannot, and believe they cannot, have a fair and impartial trial before said judge; that this affidavit is made in good faith and not for the purpose of delay." The affidavit is in the language of the statute, but objections are made to its sufficiency.

■ It is said that the motion was made by the plaintiff, and that under the statute a party must support his motion for change of judge by his own affidavit and not that of somebody else. Assuming this to be true, the Capitol Reconstruction Commission, as the defendant states in his brief, is a quasi corporation (see chapter 74, Oregon Laws 1935, Special Session). Being so, it must act through duly authorized agents, and we know of no one who would more completely measure up to the role of a duly authorized agent in this case than the assistant attorney-general in charge of the litigation out of which this controversy arises.

■ Next, it is said that the affidavit alleges that the members of the commission "believe they cannot, have a fair and impartial trial", and that this falls under the condemnation of *North v. Union Savings & Loan Association,* 59 Or. 483, 492 (117 P. 822), where it is held that a verification to a complaint, containing allegations based on information and belief, is not sufficient, since it is absurd for one to swear "that he believes that he believes that the allegation is the truth". The criticism lacks merit because, first, the affidavit contains a categorical statement that the judge is prejudiced against the members of the commission, and, second, because it is in no respect an affidavit based on belief. Mr. Devers does not swear that he believes that the members of the commission believe they cannot have a fair trial; he states that belief on their part as a fact.

■ The next contention of the defendant is based on the fact that the State of Oregon is the plaintiff in the Boeschen condemnation case but is not one of the petitioners in this case. We think this is immaterial. The State Capitol Reconstruction Commission was created for the purpose of constructing, equipping,

and furnishing a new state capitol building. By chapter 488, Oregon Laws 1937, the commission was further empowered to construct and equip and furnish a building to be used as a state library. It was authorized to condemn property for those purposes, and was specifically authorized by the 1937 act to condemn the property involved in the Boeschen case as a site for a library building. The act provides in section 10 that in certain contingencies "the commission is authorized to request the attorney-general, and he shall, when so requested, commence and prosecute to a final determination any necessary or appropriate suit or action for the state in the name of the commission, in the circuit court of Marion county, for the condemnation," etc. Whether the state is a proper party to the condemnation action or not need not be determined here, but it is entirely clear from the language of the statute that the commission is authorized to bring an action in its own name on behalf of the state. That is what it is doing in this proceeding.

■ The contention that the commission has no authority at all to bring a mandamus action cannot be sustained. If the commission has authority to commence and maintain condemnation actions, it necessarily has the implied authority to commence and maintain all other suits or actions in aid of the principal authority conferred upon it by the statute. If it were not so it would follow that this commission, to which has been committed the duty and responsibility of carrying out for the state an undertaking of great importance, has been left by its creator, the legislature, without the benefit of remedies and procedures granted to all other litigants. The express words of the statute, we think, answer the defendant's objection, because the authority granted is to commence and prosecute to a

final determination "any necessary or appropriate suit or action" for the condemnation of real property. We hold that this mandamus proceeding is an appropriate action within the meaning of the quoted language. See. *Benson v. Withycombe,* 84 Or. 652 (166 P. 41); *Benson v. Olcott,* 95 Or. 249 (187 P. 843); *Cabell v. City of Portland,* 153 Or. 528 (57 P. (2d) 1292); *State ex rel. State Highway Commission v. District Court* (Mont.), 81 P. (2d) 347.

In view of the foregoing, it is unnecessary to discuss the question of the sufficiency *vel non* of the second motion and affidavit, filed by Mr. Kimmel. We hold that the first motion for change of judge, upon being called to the defendant's attention, should have been granted, and another judge called in. The alternative writ of mandamus will therefore be made peremptory.

BAILEY, RAND, ROSSMAN and KELLY, JJ., concur.

BEAN, C. J., and BELT, J., did not participate.