Argued September 9; reversed October 14, 1942

# WESTERN ATHLETIC CLUB *v.* THOMPSON
## ET AL.
(129 P. (2d) 828)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Roland Davis,* of Portland (Huntington, Wilson & Davis and Theodore Jensen, all of Portland, on the brief), for appellant.

*Walter L. Tooze,* of Portland, for respondent.

ROSSMAN, J. This is an appeal by Norman A. Thompson, one of the two defendants, from a decree of the circuit court which he claims is void. He contends that he disqualified the Honorable James P. Stapleton, the circuit court judge from whose decree this appeal is prosecuted, from trying the suit by timely filing and presenting a motion for a change of judge supported by an affidavit averring prejudice.

The sole question submitted by this appeal is whether or not the application for a change of judge was made within the time allowed by § 1-503, O. C. L. A., which says:

> "In any county of the state of Oregon where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the circuit court for trial, the affidavit and motion for change of judges to hear the motions and demurrers or to try the case may be made at any time, either before or after the assignment of the case for trial, and either before a hearing upon a motion or demurrer or the commencement of trial of the said cause; * * *"

The circuit court for Multnomah county has a presiding judge who hears motions and demurrers and assigns cases to other departments of that court for trial.

It will be noticed that § 1-503 affords more than one occasion upon which an application for a change of judge may be made. One is before "the commencement of trial of the said cause."

The application for change of judge in the cause now before us was made before the reply was filed, but after Judge Stapleton had appointed a receiver pendente lite. The appointment was made pursuant to a part of the prayer which asked for that provisional remedy. Witnesses were heard before the appointment was made. Eight months later Judge Stapleton announced an intention to try the case next day. Upon the appointed day, but before the trial commenced—in fact, before Judge Stapleton had left his chambers—the motion and affidavit were filed and presented to him and also to the Honorable Robert Tucker, who was then presiding judge.

██ The plaintiff seems to think that, since Judge Stapleton had appointed the receiver without having met with an application for a change of judge, the motion was not timely. We revert to the words, "the commencement of trial of the said cause." Those words, as they are commonly understood, mean the trial of the merits of the issues presented by the pleadings. A "cause", according to Webster's New International Dictionary, 2d ed., is "a suit or action in court." The context in which the words occur in the code section under consideration satisfy us that such is their meaning in the present instance. *State v. Johnson*, 24 S. D. 590, 124 N. W. 847, analyzes at length the meaning of a similar term in a South Dakota statute substantially similar to our present one. The reasoning employed in that decision supports our conclusion. We believe that the defendant Thompson's motion was timely presented.

3. Section 1-501, O. C. L. A., says:

"No judge of a circuit court   *   *   *   shall sit to hear or try any suit, action, matter or proceeding

when it shall be established, as hereinafter provided, that such judge is prejudiced  *  *  *."

A decree entered by a judge, who has been disqualified in the manner described in the above statute, is void: 30 Am. Jur., Judges, § 97, p. 802. We conclude that the decree under attack is void.

■ It is so well settled in this state that an appeal may be prosecuted from a void order, decree or judgment that we will spend no time upon that matter.

The decree is vacated and the cause is remanded to the circuit court.