Argued March 31, peremptory writ allowed April 22, 1964

STATE ex rel HUDSON et al v. WEISS

391 P. 2d 608

*Winfrid K. Liepe,* Portland, argued the cause for plaintiff. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester.

*C. S. Emmons,* Albany, argued the cause for defendant. On the brief were Willis, Kyle & Emmons.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Denecke and Lusk, Justices.

## LUSK, J.

This case is before the court upon the defendant's demurrer to an original alternative writ of mandamus heretofore issued by direction of the court commanding the defendant, the Honorable Stewart Weiss, Judge of the Circuit Court of the State of Oregon, Twenty-first Judicial District, to show cause why he should not grant a motion for change of judge filed by the relators, who are defendants in a case pending in the circuit court for Lincoln county, one of three counties in the Twenty-first Judicial District. Judge Weiss is the resident judge for that county.

The case referred to is entitled *State of Oregon, acting by and through its State Forester, Plaintiff, vs. Boise Cascade Corporation, a Delaware corporation, and Roy Hudson and Fred Callahan, doing business as Hudson-Callahan Logging Company, Defendants*. The complaint therein was filed August 23, 1962. On August 23, 1963, relators, as defendants in such case, filed a motion for change of judge supported by affidavit of one of their attorneys pursuant to the provisions of ORS 14.250 to 14.270. At the time of filing the motion the case had been at issue for several months. Judge Weiss denied the motion on the ground that it was not timely filed.

The question for decision calls for the construction of the provisions of ORS 14.260 and 14.270 prescribing the time within which a motion for change of judge must be filed. ORS 14.260 provides that in contested cases the motion and affidavit supporting it must be

filed "before or within five days after such cause, matter or proceeding is at issue upon a question of fact." It is further provided in this section: "In judicial districts having a population of 100,000 or more, the affidavit and motion for change of judge shall be made at the time and in the manner prescribed in ORS 14.270."

ORS 14.270 provides, in part:

"In any county of the State of Oregon where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the circuit court for trial, the affidavit and motion for change of judges to hear the motions and demurrers or to try the case may be made at any time, either before or after the assignment of the case for trial, and either before a hearing upon a motion or demurrer or before the commencement of trial of the said cause; * * *."

As the demurrer admits, and we judicially know, the Twenty-first Judicial District has a population of more than 100,000 and Lincoln county is one of the counties in that district. The statute in plain terms makes applicable to the Twenty-first Judicial District the provisions of ORS 14.270 regarding a change of judge, among them, that the motion may be filed at any time "before the commencement of trial of the said cause." The motion of the relators complied with this requirement and was sufficient to bring about Judge Weiss' withdrawal from the case.

The defendant contends, however, that the section in question should be construed so as to read:

"[I]n those counties within judicial districts of over 100,000 population where there is a presiding judge who assigns cases to other departments of the circuit court for trial the requirements of ORS

14.270 as to the time of filing motions and affidavits of prejudice shall be met."

Since Lincoln county does not come within that description, ORS 14.270, it is argued, does not apply. The difficulty with this contention is that it calls for a rewriting rather than a construction of the statute, for it adds a requirement to ORS 14.270 that the legislature has not made. The legislature has not sought to amend ORS 14.270, but to make its provisions applicable to the exception carved out of ORS 14.260 relating to districts having a population of 100,000 or more.

The affidavit of prejudice statute, as originally enacted in 1919, contained no such provision. See Oregon Laws 1919, ch 160. Sections 2 and 3 of that act were the predecessors, respectively, of ORS 14.260 and 14.270. In 1925, section 2, which then had become section 45-2 Oregon Laws, was amended by adding, among other things, the provision now in question, Oregon Laws 1925, ch 143.① This act is entitled: "An act to

---

① Oregon Laws 1925, chapter 143, reads:

"AN ACT
"To amend section 45-2, Oregon Laws.

*"Be It Enacted by the People of the State of Oregon:*

"Section 1. That section 45-2, Oregon Laws, be and the same hereby is amended so as to read as follows:

"Sec. 45-2. *Party or Attorney May File Affidavit of Prejudice.* Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney can not, or believes that he can not, have a fair and impartial trial before such judge. And that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact, or such further time as the court may allow, and not otherwise, *except that in judicial*

amend section 45-2, Oregon Laws" and opens with the declaration "That section 45-2, Oregon Laws, be and the same is hereby amended" etc. The construction which the defendant insists upon would make the provision amend Oregon Laws section 45-3 (which is now ORS 14.270) contrary to the expressed intention of the legislature.

■ It is further contended that, unless the provision respecting judicial districts having a population of 100,000 or more is incorporated in ORS 14.270, the latter section would be of doubtful constitutionality because of the prohibition in Article IV, § 23, of the Constitution of Oregon against special or local laws regulating the practice in courts of justice. This contention seems to derive from the decisions of this court that a classification based upon population is valid. But that is not the only basis of a valid classification. It is not suggested that a classification based upon the existence of departments of the circuit court and a presiding judge system is unreasonable in connection with the operation of the affidavit of prejudice statute. Weighty considerations, well known to the legal profession and, presumably, to the legislature, may readily be adduced to support it. Neither is it suggested that the legislature may not constitutionally provide that in any county in a judicial district having a population of 100,000 or more, the requirements as to the time within which an affidavit of prejudice must be filed shall be the same as in the case of a county which has a presiding judge system. This is precisely what the legislature has done.

---

*districts having a population of 100,000 or more, the affidavit and motion for change of judges shall be made at the time and in the manner prescribed in section 45-3, Oregon Laws."* (Italics added.)

The argument of inconvenience to litigants that might result from the application of the statute as it is written will not justify the court in ignoring its plain and unambiguous terms.

We are of the opinion that the motion for a change of judge was filed within time and that a peremptory writ should issue.