Argued January 5, reversed and remanded March 1, 1967

KEPL ET AL, *Plaintiffs-Respondents, v.* MAN-
ZANITA CORPORATION, *Appellant,*
and
VAN KOTEN ET AL, *Respondents.*
424 P. 2d 674

*Philip B. Lowry* and *William V. Deatherage,* Medford, argued the cause for appellant. On the briefs were Frohnmayer, Lowry & Deatherage, Medford.

*Gene L. Brown,* Grants Pass, argued the cause for defendants and respondents. With him on the brief was R. Gene Smith, Grants Pass.

*Raymond J. Salisbury,* Grants Pass, argued the cause for plaintiffs and respondents. On the brief were Schultz & Salisbury, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

The defendant Manzanita Corporation, an Oregon corporation, appeals from a judgment and decree foreclosing three mortgages on a parcel of real property in Josephine county owned by said defendant. The foreclosure suit was filed on the 2nd day of April, 1965. No appearance was made on behalf of Manzanita Corporation, and on motion of the plaintiff an order of default as to it was entered on the 20th day of April, 1965.

At 9:20 a.m., on November 18, 1965, the date set for trial, defendant Manzanita Corporation, represented by Frohnmayer, Lowry & Deatherage, filed in the office of the county clerk for Josephine county a motion for change of judge, supported by an affidavit of its president Jessie Mae McKenzie.

Immediately following said filing, the defendant Manzanita Corporation also filed, among other motions, a motion for continuance, and a motion to set aside said order of default, supported by an affidavit. Defendant's motion to set aside said default was accompanied by an answer to the complaint duly verified by the president of said defendant corporation. The issues of fact tendered by the answer, if true, would constitute a good and sufficient defense. Immediately following the filing of the above, Frohnmayer, Lowry & Deatherage sought a hearing on said motions.

The court refused to recognize the firm of Frohnmayer, Lowry & Deatherage as counsel for defendant Manzanita Corporation. The trial court stated that Manzanita Corporation was already represented by Attorney Wally P. Martin in a receivership hearing in said case. No prior written appearance of any kind had been filed with the county clerk on behalf of said defendant by Wally P. Martin, or anyone else.

From the record, it would appear the learned trial judge erroneously concluded that Wally P. Martin represented the defendant Manzanita Corporation at the receivership hearing held on April 26, 1965. The record of the receivership hearing discloses the following:

"MR. MARTIN: If the Court please—

"MR. SALISBURY: Before Mr. Martin speaks, I would like to inquire who he is speaking for.

"MR. MARTIN: I have not filed an appearance today, but I am prepared to file today. Van Koten and Mansion Manor, Inc.

"*    *    *    *    *

"MR. BROWN: If there is any question about representation, I am named as an individual Defendant. I would at this time retain Mr. Martin to represent me in court, if there is any problem."

From the record it would thus appear that a controversy exists as to the legal representation of the defendant Manzanita Corporation and that the trial judge refused to afford said defendant a hearing thereon.

At the attempted hearing on November 18, 1965, the date set for the trial, the Honorable Samuel M. Bowe announced the following regarding the motions made by Frohnmayer, Lowry & Deatherage as to change of judge, continuance, and setting aside default:

"*    *    * As far as I'm concerned, I am not disqualified under Chapter 14 of the code, and I am going to abide by the decision that's been reached by counsel for the respective parties who are before the Court. I will sign the judgment and decree as presented after I have had an opportunity to look it over and determine whether or not it is in proper form, and if you wish to move to set aside the decree and disqualify me at that time from a determination that's perfectly satisfactory with me, and if you wish to appeal that likewise will be perfectly satisfactory with me.

"MR. DEATHERAGE: As I understand it, Your Honor, you are denying all of our motions?

"THE COURT: I am denying all of your motions for continuance, motion to set aside the default of Manzanita Corporation, which is set aside pursuant to this stipulation that is being filed, and

of which the Court has been aware for some considerable period of time. I am denying your motion for continuance, and I will sign the decree as soon as I have had an opportunity to look at it.

"MR. DEATHERAGE: Will the Court consider the fact that the stipulation is in effect insufficient to enter a judgment in this case?

"MR. LOWRY: May we be heard on that point, Your Honor, that is, that this stipulation is insufficient as a basis for entering a decree in this case?

"THE COURT: Of course, my position just happens to be that I don't recognize you as counsel for Defendant Manzanita Corporation, so that there is nothing to be heard.

"MR. DEATHERAGE: Would you allow us the opportunity to file a motion for change of counsel at this time, substituting ourselves?

"THE COURT: You may file it after the decree is entered and as a part of any proceeding that you might wish to bring to set aside the judgment and decree."

Subsequent to said attempted hearing, and on December 9, 1965, there was filed with the county clerk for Josephine county, by whom the record does not disclose, a second answer in behalf of defendant Manzanita Corporation, which answer was verified on April 27, 1965, by Attorney Wally P. Martin in behalf of defendant Manzanita Corporation and also on behalf of defendants Charles W. Van Koten and Mansion Manor, Inc.

On December 9, 1965, there was filed with the county clerk for Josephine county, by whom the record does not disclose, an undated stipulation entitled "STIPULATION TO SET ASIDE ORDER OF DEFAULT," which, omitting the title, reads as follows:

"COME NOW the Plaintiffs and the Defendant

Manzanita Corporation, acting by and through their respective counsel, do stipulate and agree to the entry of an order herein setting aside the order of default pertaining to Manzanita Corporation, one of the Defendants, made and entered April 20, 1965.

/s/ Raymond J. Salisbury
of Attorneys for Plaintiffs

/s/ Wally P. Martin
Attorney for Defendant, Manzanita Corporation"

No order was entered on the above stipulation.

On December 9, 1965, there was filed with the county clerk for Josephine county, by whom the record does not show, a stipulation entitled "STIPULATION FOR ENTRY OF DECREE," which, omitting the title, reads as follows:

"It is hereby stipulated by the above named parties that on the day trial of the above entitled matter is set on regular contested calendar, a decree may be entered as follows:

"1. With respect to the Cross-Complaint of Gene L. Brown and Jean H. Brown as prayed, except that said Cross-Complainants' attorneys fees shall be determined by the Court taking notice of the Oregon State Bar Minimum Fee Schedule.

"2. With respect to the Complaint of plaintiffs, as prayed except that the priority of the mortgage set forth in the Cross-Complaint of Gene L. Brown and Jean H. Brown over plaintiffs' two mortgages is acknowledged and except further that plaintiffs' attorneys fees shall be determined by the Court taking notice of the Oregon State Bar Minimum Fee Schedule.

"3. Said decree shall not determine any rights of parties with respect to Standard Insurance Com-

pany, as to whom original suit was dismissed without prejudice.

"Dated this 10th day of June, 1965.

SCHULTZ & SALISBURY
By /s/ Raymond J. Salisbury

Attorneys for Plaintiffs
James J. Kepl
Betty Lou Kepl

/s/ R. Gene Smith

R. E. Smith
Attorney for defendants
Gene L. Brown and Jean H.
Brown

/s/ Wally P. Martin

Wally P. Martin,
Attorney for defendants
Manzanita Corporation,
Charles W. Van Koten
and Mansion Manor, Inc."

On December 9, 1965, there was also filed with the county clerk of Josephine county, a judgment and decree foreclosing the alleged mortgage of defendants Gene L. Brown and Jean H. Brown and two alleged mortgages of the plaintiff.

The defendant Manzanita Corporation in this appeal asserts six assignments of error. In its first assignment of error, it contends that the court erred in denying defendant's motion for change of judge. The plaintiff and the defendants Brown contend that the motion for change of judge was not timely filed. The question thus presented by defendant's first assignment of error is governed by ORS 14.260 and 14.270, prescribing the time within which a motion for change of judge must be filed. ORS 14.260 provides:

"* * * In judicial districts having a popula-

tion of 100,000 or more, the affidavit and motion for change of judge shall be made at the time and in the manner prescribed in ORS 14.270 * * *."

ORS 14.270 provides in part:

"In any county of the State of Oregon where there is a presiding judge who hears motions and demurrers and assigns cases to the other departments of the circuit court for trail, the affidavit and motion for change of judges to hear the motions and demurrers or to try the case may be made at any time, either before or after the assignment of the case for trial, and either before a hearing upon a motion or demurrer or before the commencement of trial of the said cause * * *."

■ We take judicial notice that the First Judicial District has a population of more than 100,000 and Josephine county is one of the counties in that district. The statute therefore makes applicable to the First Judicial District the provisions of ORS 14.270, regarding a change of judge. *State ex rel Hudson v. Weiss,* 237 Or 358, 391 P2d 608 (1964).

ORS 14.270 provides that the motion may be filed at any time "* * * before the commencement of trial of the said cause * * *."

■ The motion in the within case complied with this requirement and was therefore timely filed.

■ Respondents Brown further contend that the affidavit of Mrs. McKenzie, president of Manzanita Corporation, filed in support of defendant's motion for change in judge, is insufficient, asserting that the affidavit is in the third person and not in the first person as required by the provisions of ORS 45.110. The record shows that Mrs. McKenzie swore to the affidavit in the first person. In said affidavit she states:

"That I am of the opinion that the Honorable Sam Bowe is prejudiced against the interest of the

> Manzanita Corporation in the above entitled suit so that I believe that the corporation cannot have a fair and impartial hearing before such judge * * * ."

A corporation can execute an affidavit only by and through its officers or persons acting on its behalf. The affidavit was sufficient. *State Capitol Commission v. McMahan,* 160 Or 83, 92, 83 P2d 482 (1938).

We hold that the motion and affidavit were timely filed and that the affidavit was sufficient to bring about Judge Bowe's withdrawal from the case.

■ A judgment and decree entered by a judge who has been disqualified in the manner described in the above statute, is void. *Western Athletic Club v. Thompson,* 169 Or 514, 516, 517, 129 P2d 828 (1942).

In view of our ruling on defendant's first assignment of error, it becomes unnecessary under the circumstances to consider the remaining assignments of error asserted by the appellant.

The decree is vacated and the cause is remanded to the circuit court with directions that the cause be reassigned to another judge; that such judge first determine upon an appropriate hearing what attorney represents the defendant Manzanita Corporation and whether, at the time of its execution, Wally P. Martin had express authority to execute the stipulation confessing the judgment and decree hereinabove referred to, and for such further proceedings as appear appropriate and necessary herein.

Reversed.