Argued December 10, 1969, reversed June 17, 1970

# STATE OF OREGON, *Respondent, v.*
# ETLING, *Appellant.*

470 P2d 950

*Leo Levenson,* Portland, argued the cause and filed a brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney.

Before PERRY,* Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

McALLISTER, J.

This is an appeal from the decision of the Circuit

---

* Perry, C.J., retired June 1, 1970.

Court for Multnomah County in a review proceeding.
The case arose out of a criminal prosecution in district
court. Judge Etling, the appellant in this case, in his
capacity as Presiding Judge of the Multnomah County
District Court, assigned the case of *State v. Jimmie
Wayne Hall* to another district judge for trial. The
state interposed a motion for change of judge sup-
ported by an affidavit stating that the judge to whom
the case had been assigned was prejudiced "against the
State of Oregon and its interests." Pursuant to the
procedure outlined in *State ex rel Lovell v. Weiss*, 250
Or 252, 430 P2d 357, 442 P2d 241 (1968), Judge Etling
held an evidentiary hearing to determine whether the
motion and affidavit had been filed in good faith. He
found that the evidence of good faith produced by the
state was not sufficient to meet the test expressed in
*Lovell*, and denied the motion for change of judge.
Thereupon the state petitioned the circuit court for a
writ of review. The writ issued from that court and
a return was duly filed. Having examined the record,
the circuit court found that the denial of the motion
was "erroneous and arbitrary" and directed Judge Et-
ling to grant the motion. Judge Etling has appealed.

The issue argued by the parties in this court was
whether the scope of the writ, as set forth in ORS
34.040, would permit review of a finding of fact—in
this case, that the motion and affidavit were not filed
in good faith. We do not reach that question, however,
because we think it is clear that the writ of review is
not available to the state in this case.

The writ of review, provided for in ORS 34.010—
34.100, is "the writ heretofore known as the writ of
certiorari." ORS 34.010. Its use in criminal cases has

been abolished by statute. ORS 138.010 provides as follows:

> "Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300."

The only exception to the foregoing statutory rule is found in ORS 157.070, which provides:

> "No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment or the judment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100."

See *Bechtold et al v. Wilson et al*, 182 Or 360, 379-380, 186 P2d 525, 187 P2d 675 (1947); *Davenport v. Justice Court*, 101 Or 507, 511, 199 P 621 (1921).

The provisions of ORS 157.070 also apply to criminal proceedings in district courts. ORS 157.080. They permit review by the circuit court only of (1) an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment, or (2) the judgment. The denial of the motion for change of judge in this case does not come within either category. No constitutional question is involved and no judgment has been entered. Were the state to seek review after a judgment of acquittal, severe double jeopardy questions would arise. It is doubtful that such a procedure would be constitutional.

We think that the state has chosen the wrong means to test the denial of its motion and should have sought

a writ of mandamus from the circuit court instead. Questions raised by the denial of motions for change of judge have been decided by this court in mandamus proceedings. See, e.g., *State ex rel Hudson v. Weiss*, 237 Or 358, 391 P2d 608 (1964); *State Capitol Commission v. McMahan*, 160 Or 83, 83 P2d 482 (1938). See, also, *State ex rel Johnson v. Circuit Court*, 114 Or 6, 13, 233 P 563, 234 P 262 (1925). In *State ex rel Lovell v. Weiss*, supra, the writ was allowed in a case where good faith was the issue.

Because the statutes do not permit the use of the writ of review in the circumstances of this case, the decision of the circuit court is reversed.