Argued October 9, modified and remanded December 19, 1974

DORAN, *Appellant, v.* STATE OF OREGON
ET AL, *Respondents.*
529 P2d 928

*Wayne C. Rapp,* of Reeder & Rapp, Hillsboro, argued the cause and filed a brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

HOWELL, J.

This is an appeal from a judgment of the circuit court for Washington County dismissing a writ of review. The case arose out of a criminal prosecution of the plaintiff in the district court for driving under the influence of intoxicating liquor, ORS 483.992 (2), and driving a motor vehicle with .15% or more by weight of alcohol in the blood, ORS 483.999. The plaintiff was convicted of both charges and secured a writ of review in the circuit court. Plaintiff asserted three grounds for review: (1) that there was no evidence that the defendant (plaintiff in this writ of review) was the one who committed the alleged crime; (2) that the district court erred in refusing to consider the defendant's motion to vacate the judgment; and (3) that the district court erred in sentencing the defendant separately on both crimes which arose out of the same driving episode.

The initial question to be determined by this court is whether a writ of review was the proper method of presenting these questions to the circuit court. Neither party has cited the appropriate criminal writ of re-

view statute, ORS 157.070, or referred the court to the recent decisions of this court interpreting the scope of the criminal writ of review. *See State v. Etling,* 256 Or 33, 470 P2d 950 (1970) ; *Silva v. State,* 243 Or 187, 412 P2d 375 (1966).

ORS 157.070 provides:

"Writ of review in criminal actions. No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100."

In *State v. Etling,* supra, the defendant in a criminal action attempted to appeal the denial of his motion for a change of judge through the use of a writ of review. The circuit court granted the writ and held that the denial of defendant's motion was "erroneous and arbitrary." This court reversed and held that the defendant improperly raised the issue of the denial of his motion through the use of a writ of review. In the course of its opinion the court interpreted ORS 157.070:

"The writ of review, provided for in ORS 34.010-34.100, is 'the writ heretofore known as the writ of certiorari.' ORS 34.010. Its use in criminal cases has been abolished by statute. ORS 138.010 provides as follows:

" 'Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300.'

"The only exception to the foregoing statutory rule is found in ORS 157.070, * * *.

"The provisions of ORS 157.070 also apply to criminal proceedings in district courts. ORS 157.-080. They permit review by the circuit court only of (1) an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment, or (2) the judgment. * * *" 256 Or at 34-35.

■ When viewed in light of ORS 157.070 and our decision in *Etling*, it is clear that the plaintiff's first and second grounds for review, lack of proof of identity and refusal to hear the motion to vacate judgment, are not the proper subjects of a writ of review. We are not dealing with the constitutionality of a statute or proceedings or with errors of law on the face of the judgment. Rather, the first and second grounds for review raise questions of fact. "On a Writ of Review, the court will not pass upon a question of fact." *Silva v. State,* supra at 189. The fact that the plaintiff caused the proceedings in the district court to be transcribed is immaterial. He is foreclosed from the use of a criminal writ of review unless he comes within one of the statutory grounds set out in ORS 157.070.

■ Plaintiff asserts as a third ground for review that the district court made an error of law appearing on the face of the judgment. Plaintiff was sentenced to pay a fine of $250 for driving under the influence of intoxicating liquor. He was sentenced to serve six days in jail for driving with .15% or more by weight of alcohol in the blood. Both convictions resulted from a single driving incident which occurred on October 31, 1972. The sentence appears on the face of the judg-

ment[1] and thus its propriety was properly raised by a writ of review. ORS 157.070; *State v. Etling,* supra.

In *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), this court dealt with the problem of whether a defendant could be convicted and sentenced for two offenses arising out of the same course of conduct:

> "This court and others have held that whether or not a defendant could be convicted either in single or successive trials for two offenses arising out of the same course of conduct depends upon the intent of the legislature in enacting the statutes creating the offenses. * * *" 259 Or at 235[2].

We also stated:

> "Under these circumstances, in the absence of some indication that the legislature had a contrary intent, we interpret our statutes to provide that one breaking and entering with the intent to commit larceny can only be convicted and sentenced for either burglary or larceny, but not for both." 259 Or at 238.

As burglary is considered a more serious crime than larceny and carries a greater penalty, the conviction of burglary was affirmed. 259 Or 237, 239.

We conclude from a review of the legislative history of ORS 483.999 that the legislature did not intend that a defendant could be sentenced both for driving

---

[1] The judgment in a case initiated by the use of a uniform traffic citation may consist of a short record made on the back of the citation as permitted in ORS ch 484. Silva v. State, 243 Or 187, 412 P2d 375 (1966).

[2] *See* State v. Brown, 262 Or 442, 497 P2d 1191 (1972), for the new rule concerning successive trials for two offenses arising out of the same criminal transaction.

under the influence of intoxicating liquor and for driving with .15% or more by weight of alcohol in the blood.[9] To hold otherwise would subject a defendant

[9] The .15% statute, orginally proposed as House Bill 1216, 56th Leg. Assembly (1971), would have created a conclusive presumption that one who has .15% or more alcohol in his blood was under the influence of intoxicating liquor and would have made driving with .15% or more alcohol a separate crime. It provided that one could plead guilty or be convicted of *either* the .15% or the driving under the influence law if charged with one. Due to the constitutional problems with creating a conclusive presumption in a criminal case, the .15% provisions of H.B. 1216 were deleted in committee.

Subsequently Senate Bill 54 (1971 Or Laws ch 564) was passed. It made driving with .15% or more alcohol a separate crime and provided penalties which were more severe than those for driving under the influence of intoxicating liquor.

The hearings on H.B. 1216 and S.B. 54 indicate that the latter was intended to replace the deleted .15% provisions in the former. It was also stated that the .15% provisions are similar to those in Nebraska and New York. See Neb Rev Stat § 39-699.07 (1974); NY Veh & Traf Law § 1192 (1973 Supp). Neither the Nebraska nor the New York statutes would allow double conviction and sentencing. See n. 5 infra.

The 1975 Proposed Revision of the Oregon Vehicle Code (Interim Report, Joint Committee on Judiciary), if adopted by the legislature, would clearly prohibit the double conviction and sentencing of one who drives under the influence of intoxicating liquor and drives with more than a certain percentage of alcohol in his blood:

"Section 87. (Driving while under the influence of liquor or drugs.) (1) A person commits the offense of driving while under the influence of liquor or drugs if he drives a vehicle while:

"(a) He has .08 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 483.634 to 483.646; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug.

"(2) Driving while under the influence of liquor or drugs is a Class A traffic infraction."

The commentary to this section states:

"This section describes the offense in terms of either driving a vehicle with a blood alcohol content of .08 percent or more *or* while under the influence of liquor or drugs.

to a possible maximum sentence of two years in jail and a fine of $3,000 for a single driving incident.[*]

Our conclusion is further supported by reference to relevant statutes of other states. Seven states in addition to Oregon[⑤] make it a crime to drive with over a certain percentage of alcohol by weight in the blood (these percentages range from .10% to .15%). Yet we have found no authority, either in the statutes or in case law, which would allow sentencing both for driving under the influence of intoxicating liquor and for driving with over a certain percentage of alcohol in the blood.

■ We therefore hold that while a defendant may properly be charged and tried for a violation of both ORS 483.992(2) and ORS 483.999 (see *State v. Woolard,* supra at 238), he may be sentenced for only one. Therefore, the plaintiff's conviction for driving under the influence of intoxicating liquor should be vacated and his conviction for driving with .15% or more alcohol by weight in the blood should be affirmed.

---

* * *" Proposed Revision, Oregon Vehicle Code, § 87 at p. 69. (Emphasis in original).

Section 87 is taken from the Uniform Vehicle Code § 11-902 (1971). It is similar to NY Veh & Traf Law § 1192 (1973 Supp) and would replace ORS 483.992(2) and 483.999.

④ ORS 483.992(2) (driving under the influence of intoxicating liquor) provides a maximum penalty of one year in jail and a $1,000 fine. ORS 483.999 (driving with .15% or more alcohol) provides a maximum penalty of one year in jail and a $2,000 fine.

⑤ Del Code Ann tit. 21, § 4176 (a) (1972 Supp); Minn Stat Ann § 169.121 (1973 Supp); Neb Rev Stat § 39-699.07 (1974); NY Veh & Traf Law § 1192 (1973 Supp); S Dak Comp Laws § 32-23-1 (1973 Supp); Utah Code Ann § 41-6-44.2 (1973 Supp); Vt Stat Ann tit. 23, § 1201 (a) (1974 Supp). See Unif Veh Code § 11-902 (a)(1) (1972, 1974 Supp).

One additional feature of this case requires mention. The plaintiff attempted to appeal the judgment of the circuit court to the Court of Appeals. It was determined that the appeal should be filed with this court. That erroneous conclusion was predicated upon the record and briefs which did not mention ORS 157.070 relating to writs of review in criminal cases or *State v. Etling,* supra, wherein we discussed the statute and when writs of review in criminal cases will be considered by circuit courts. We now conclude that the appeal from the judgment of the circuit court should have been filed in the Court of Appeals. That court, under ORS 138.040, has jurisdiction of appeals "from a judgment on a conviction in a circuit court." The effect of the judgment in the circuit court dismissing the writ of review was, in effect, a judgment on a conviction, as it affirmed the judgment entered in the district court. As this is an isolated case and both parties overlooked ORS 157.070, it would serve no worthwhile purpose to remand the appeal to the Court of Appeals; therefore, we have decided the merits of the appeal. In future cases, however, where the appeal is from a judgment in a criminal writ of review proceeding in the circuit court resulting in a judgment of conviction, the proper avenue of appeal is to the Court of Appeals.

This case is remanded to the circuit court with instructions to vacate the defendant's conviction for driving under the influence of intoxicating liquor and affirm the defendant's conviction for driving with .15% or more alcohol by weight in the blood.