Argued May 25, judgment vacated, appeal dismissed August 1, reconsideration denied September 8, petition for review denied October 25, 1977

SCOTT, *Appellant,*
*v.*
THOMPSON, *Respondent.*
(No. 95136, CA 7170)
567 P2d 555

Orlin R. Anson, Salem, argued the cause and filed the brief for appellant.

Jeannette M. Launer, Assistant City Attorney, Salem, argued the cause for respondent. With her on the brief was William J. Juza, City Attorney, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

■ Petitioner was charged under ordinances of the city of Salem with two offenses. Prior to trial before the Salem Municipal Court petitioner moved for an order declaring invalid certain other city ordinances relating to the selection of juries and allowing petitioner to question each prospective juror prior to exercising peremptory challenges. Petitioner asserted the statutes were invalid under the United States and Oregon Constitutions and under state statutes. Upon writ of review the trial court affirmed the Municipal Court's denial of the motion and petitioner appeals. The writ should have been dismissed because an interlocutory order of a municipal court is not subject to writ of review.

In *State v. Etling,* 256 Or 33, 470 P2d 950 (1970), it was held that a writ of review does not lie in criminal cases, subject only to the exception in ORS 157.070 which provides:

> "No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment or the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100."

■ That statute refers only to interlocutory orders of a justice court. The City of Salem Charter, Section 8, arguably attempts to make ORS 157.070 applicable to appeals to the circuit court from Salem Municipal Court by providing that "* * * the laws governing justices of the peace shall apply as far as applicable to all [the municipal judge's] proceedings * * *." However, the city has no power to enlarge the jurisdiction of the circuit court beyond that conferred by state statute. *See Lines v. City of Milwaukee,* 15 Or App 280 515 P2d 938 (1973). Accordingly we examine only the applicable state statutes to determine whether

[ 293 ]

petitioner had the right to bring this writ of review proceeding.

■ ORS 221.350 and 221.360[1] provide that appeals from convictions in municipal courts shall be taken in the manner "provided by law for taking appeals from justice courts." ORS 157.010 to 157.065[2] govern appeals in justice courts. In addition ORS 157.020[3] makes a specific exemption to ORS 221.350 relating to

---

[1] ORS 221.350 and 221.360 provide:

"Whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, unless the charter of the city prohibits appeals from such court, such person shall have the same right of appeal to the circuit court within whose jurisdiction of the city has its legal situs and maintains its seat of city government as now obtains from a conviction from courts of justice of the peace. The appeal shall be taken and perfected in the manner provided by law for taking appeals from justice courts."

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.350, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.350, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."

[2] ORS 157.010 provides that appeal of a criminal conviction may be taken to the circuit court. ORS 157.020 provides who may take the appeal. ORS 157.030 to 157.060 governs the time, manner and effect of the appeal. ORS 157.065 sets forth the power of the appellate court.

[3] ORS 157.020 provides:

"(1) Except as provided in subsection (2) of this section, an appeal may be taken only by the defendant and whether or not the judgment is that he pay a fine or be imprisoned. The right of appeal granted herein shall apply to all municipal courts notwithstanding ORS 221.350.

"(2) The plaintiff may take an appeal from:

"(a) An order made prior to trial dismissing a complaint or information;

"(b) An order sustaining a plea of former conviction or acquittal;

"(c) An order arresting the judgment; or

"(d) An order made prior to trial suppressing evidence."

[ 294 ]

municipal court appeals. Reading these statutes together, we do not interpret ORS 157.070 as applying to municipal courts.[4]

■■ ORS 221.350 and 221.360 speak in terms of appeals from convictions in municipal court, thus implying that only final judgments are appealable. The two sections also express a legislative policy of minimizing judicial interference by state courts in municipal court proceedings. If a city charter prohibits appeals to state courts, then where such an appeal is taken, the state court's jurisdiction is limited to reviewing constitutional issues. ORS 157.010 to 157.065, including the specific provision in ORS 157.020 relating to municipal courts, provide only for appeals from convictions and other final judgments. While ORS 157.070 quoted above speaks in terms of an exception to ORS 157.010 to 157.065, that section is not an integral part of the appellate review of justice courts, but rather creates an extraordinary procedure allowing a peremptory writ for interlocutory orders. *See State v. Etling, supra.* Considering the extraordinary nature of the writ under ORS 157.070, the legislative policy of minimizing judicial interference by state courts and the express language of the relevant statutes, we conclude that a writ of review does not lie with respect to interlocutory orders by a municipal court.

Judgment vacated. Appeal dismissed.

---

[4]There are some apparent inconsistencies in these statutes which we do not resolve here.