SHELTON,
*Appellant,*

*v.*

ALLEN et al,
*Respondents.*

(16-84-00272; CA A31831)

711 P2d 222

Lee R. Shelton, Springfield, filed the briefs *pro se* for appellant.

Timothy A. Sylwester, Eugene, filed the brief for respondents. With him on the brief was Harrang, Swanson, Long & Watkinson, P.C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner appeals from an order of the circuit court dismissing his petition for writ of review of his conviction in municipal court of violating a Eugene parking ordinance. We affirm.

Petitioner parked his car in a city parking lot when he had $20 of overdue parking tickets outstanding. Eugene Code section 5.231(1) then provided:

"Prohibited Parking - Failure to Pay Fines and Post Bail.

"* * * No operator shall stand or park a vehicle and no owner shall allow a vehicle to stand or park on a street, city property, property controlled by the city or property for which the city is contracted to enforce parking regulations when there is $20 or more in unpaid bail, fines or a combination of bail and fines for parking violation(s) in this code and the time for appearing in municipal court specified on the citation(s) has passed or the time for payment of the fine has passed."

An officer "booted" petitioner's car. *See* EC § 5.231(2). The officer also issued a citation to petitioner for "failure to pay fines." On December 15, 1983, the municipal court convicted petitioner of violating EC § 5.231(1) and ordered him to pay a $50 fine. On January 14, 1984, petitioner filed a petition for writ of review in the circuit court. *See* ORS 34.010-100. The court granted respondent's motion to dismiss on the ground that a writ of review was not available, and petitioner assigns that ruling as error.[1]

In *City of Stayton v. Wilson,* 47 Or App 701, 615 P2d 371 (1980), the petitioners were convicted in municipal court of harassment. ORS 166.065. They petitioned the circuit court for a writ of review. The circuit court set their convictions aside and dismissed the charges. ORS 138.010 provides:

---

[1] Respondents argue that petitioner's characterization of the proceeding as a "civil action" necessarily makes it an "action for the recovery of money or damages only" under ORS 19.010(3), which provides:

"No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250.00."

Nevertheless, even if ORS 19.010(3) applied to criminal actions, it does not apply here. On the merits, petitioner asserts constitutional violations as part of his petition. *See Carden v. Johnson,* 282 Or 169, 173, 577 P2d 513 (1978).

> "Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.310."

The reference to writs of certiorari refers to writs of review. *See* ORS 34.010. Accordingly, we reversed, stating:

> "Writs of review in criminal cases have been abolished, except in the instances specified in ORS 157.070. ORS 138.010; *Doran v. State,* 270 Or 758, 529 P2d 928 (1974); *State v. Etling,* 256 Or 33, 470 P2d 950 (1970). ORS 157.070 does not apply to municipal courts. *Scott v. Thompson,* 30 Or App 291, 567 P2d 555 (1977). The circuit court had no jurisdiction to consider the writ of review and should have allowed plaintiff's demurrer." 47 Or App at 703.

■     Petitioner argues that violations of municipal parking ordinances

> "* * * are excepted by statute from being city offenses, they are not criminal offenses, but are civil in nature and the penalty that can be imposed is limited to a monetary penalty, not a penal one, and therefore does not fall within the type of case to which this court's decision in *City of Stayton v. Wilson* applies."

We disagree. ORS 484.010(4) defines a "city traffic offense" as a violation of any municipal traffic ordinance "except ordinances governing parking of vehicles." That exception, however, does not help petitioner.[2] Although parking violations are not traffic offenses under ORS 484.010, they are "criminal actions" within the meaning of ORS 138.010. Accordingly, petitioner is not entitled to a writ of review of his municipal court conviction.

■     It is true that the mode of reviewing judgments of conviction in criminal actions in municipal court is not "prescribed by ORS 138.010 to 138.310." *See* ORS 138.010. Petitioner argues, therefore, that a writ of review is appropriate here, because ORS 221.350 provides that appeals from municipal courts "shall be taken and perfected in the manner provided by law for taking appeals from justice courts." *See* ORS ch 157, governing appeals from justice courts. Although

---

[2] The definitions in ORS 484.010 apply only to "ORS 1.510, 1.520, 153.505 to 153.635, 482.655 and 484.010 to 484.480 * * *." ORS 484.010.

*City of Stayton v. Wilson, supra,* makes it clear that ORS 138.010 abolishes writs of review in criminal cases, "except in the instances specified in ORS 157.070,"[3] it also correctly states that ORS 157.070 does not apply to municipal courts. 47 Or App at 703; *see also Scott v. Thompson,* 30 Or App 291, 567 P2d 555, *rev den* 280 Or 171 (1977).[4]

Affirmed.

---

[3] ORS 157.070 provides:

"No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice's court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment or the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100."

[4] We do not imply that the order of conviction of petitioner in the municipal court was an "interlocutory order." It was not.