Argued and submitted January 31, affirmed May 21, reconsideration denied July 3, petition for review allowed August 26, 1986 (301 Or 666)

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL GUY WEIST,
*Appellant.*

(84112247; CA A36464)

720 P2d 753

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

After a trial on stipulated facts, defendant was convicted of unauthorized use of a vehicle, ORS 164.135, and theft in the first degree. ORS 164.055. Defendant argues that the trial court erred by denying his motion to suppress evidence. We affirm.

Defendant had been the subject of an ongoing Eugene Police Department investigation of an auto salvage switch operation, which involved the reregistration of stolen vehicles using vehicle identification numbers (VIN) and title documents of similar vehicles purchased at auto salvage yards. During the investigation, the police noticed that a pickup truck parked in defendant's driveway had received new license plates. A check with the Department of Motor Vehicles showed that the vehicle was registered under the title documents and VIN of a wrecked, inoperable pickup truck that defendant had purchased. No support documents, which are required for the registration of a "reconstructed" vehicle, were filed. The effective statute made failure to file the documents indicating that the vehicle is reconstructed a Class C traffic infraction. *Former* ORS 481.130(5) (*repealed by* Or Laws 1983, ch 338, § 978).

The police obtained a warrant to seize evidence of the offense of illegal registration of the pickup. They seized the vehicle and discovered that its engine identification number matched that of a vehicle reported stolen. The dashboard VIN matched that of the wrecked pickup truck purchased by defendant, and the police suspected that the dashboard had been removed from the stolen truck and replaced with that of the wrecked truck.

A second warrant was obtained authorizing a search of defendant's residence for evidence of the crime of theft, in the form of the replaced dashboard, a set of keys to the pickup and a canopy top which had been removed from the stolen pickup truck. In the execution of the second warrant, the police discovered those items of evidence as well as other incriminating evidence.

Defendant argues that the seized evidence should have been suppressed, because the affidavits supporting the search warrants failed to recite facts sufficient to establish

probable cause to justify a search. Therefore, defendant argues, the searches were unreasonable under Article I, section 9, of the Oregon Constitution.

Pursuant to ORS 133.535(1), evidence or information concerning the commission of a *criminal offense* is subject to search and seizure. The first search warrant was issued to seize evidence of the offense of illegal registration of a motor vehicle, a Class C traffic *infraction.* Defendant contends that, although an infraction is an offense, ORS 161.505,[1] it is not a crime, ORS 161.515, and, therefore, evidence of its commission is not evidence of a criminal offense and is not subject to seizure under ORS 133.535(1). We disagree.

■ ■ Although an infraction is not a crime, because a sentence of imprisonment is not authorized for an infraction, ORS 153.270(1), an infraction is a criminal offense. An infraction is "criminal" in that it involves a violation of the "criminal" law. ORS 153.270, which defines infractions, reads in relevant part:

"(3) Except as otherwise specifically provided in statutes relating to an infraction * * *, the criminal and criminal procedure laws of this state relating to a violation * * * apply with equal force and effect to an infraction * * *."

*See State v. Dekuyper,* 74 Or App 534, 543 n 1, 703 P2d 261 (1985) (Rossman, J., dissenting). In *Shelton v. Allen,* 77 Or App 177, 711 P2d 222 (1985), we held that, for purposes of appeal under ORS 138.010, municipal parking violations are criminal actions. We now hold that the term "criminal offense" in ORS 133.535(1) describes any breach of the criminal law, including infractions. If infractions are criminal offenses, it follows that a search warrant may issue for their investigation.

Affirmed.[2]

---

[1] ORS 161.505 reads:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation or an infraction."

[2] Defendant's remaining assignments of error are without merit.