Argued and submitted March 14, reversed and remanded June 11, reconsideration denied August 1, petition for review allowed August 26, 1986 (301 Or 666)

# STATE OF OREGON,
*Appellant,*

*v.*

# MICHAEL GUY WEIST,
*Respondent.*

## (10-84-08687; CA A36625)

720 P2d 755

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

David J. Phillips, Public Defender, Eugene, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM.

## PER CURIAM

The state appeals a Lane County Circuit Court order granting defendant's motion to suppress evidence. The issue is the same as that considered by this court in a companion case, *State v. Weist,* 79 Or App 435, 720 P2d 753 (1986), in which *defendant* appealed a Linn County Circuit Court order denying an identical motion to suppress. The question is whether a search warrant may issue for the investigation of the offense of illegal registration of a motor vehicle, a Class C traffic infraction. ORS 481.130.[1] We held in defendant's earlier appeal that, although an infraction is not a "crime," it is a criminal offense for purposes of ORS 133.535(1).[2]

Reversed and remanded.

---

[1] The trial court's order in this case was based on the issue of whether a search warrant could issue for investigation of an infraction, and that is the only issue properly before us. We need not consider defendant's other attacks on the validity of the search but note that, in our consideration of defendant's appeal from his Linn County conviction, we held they were without merit.

[2] Although the affidavit in support of the search warrant at issue incorrectly designated the offense as a crime, the misstatement is not fatal to the validity of the warrant. *State v. McManus,* 267 Or 238, 251, 517 P2d 250 (1973); *State v. Diaz,* 29 Or App 523, 525, 564 P2d 1066 (1977).