Submitted on record and appellant's brief April 27, reversed July 22, 1987

# CITY OF BROOKINGS,
*Appellant,*

*v.*

# HARMON,
*Respondent.*

## (M86-0-310; CA A41716)

739 P2d 1088

Craig A. Lytle, John R. Coutrakon and Coutrakon & Babin, Brookings, filed the brief for appellant.

No appearance for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged in the municipal court with a city ordinance violation.[1] On her motion, that court transferred the case to district court. The city disputed that court's jurisdiction, contending that a transfer under ORS 51.050(2) is not available in a *municipal* court proceeding. The district court refused to refer the question of jurisdiction to us for summary resolution pursuant to ORS 46.063, and when the city refused to prosecute, the district court dismissed the case. We reverse.

ORS 51.050(2) grants a defendant charged with a misdemeanor in a *justice* court the right to have the case transferred to district court. Chapter 5, section 21, of the city's charter provides:

"When not governed by ordinances or this charter, all proceedings in the municipal court for the violation of a city ordinance shall be governed by the applicable general laws of the state governing justices of the peace and justice courts."

Even if that provision allows the municipal court to transfer a case to the district court pursuant to ORS 51.050(2), a city cannot enlarge the jurisdiction of a state court beyond that provided by state law. *Scott v. Thompson,* 30 Or App 291, 293, 567 P2d 555, *rev den* (1977); *see City of Portland v. Stevens,* 180 Or 514, 518-19, 178 P2d 175 (1947). There is no statute providing for transfer from a municipal court to district court.

Reversed.

---

[1] Defendant was charged with possession of a concealed firearm, a misdemeanor.