Argued and submitted November 5, 1990, demurrer overruled; affirmed
February 6, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JOYCE MARIE CARTER,
*Appellant.*

## (10-88-08545; CA A62236)

805 P2d 721

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals her conviction for theft in the first degree, ORS 164.055, and demurs to the indictment. We affirm the conviction and overrule the demurrer.

Defendant and her daughter were seen shoplifting by an Albertson's store manager on October 10, 1988. When an employee followed defendant into the parking lot to advise her that she was under arrest for shoplifting, she locked herself in her van and drove away from the store. Police officers, responding to a description of the vehicle, arrested her approximately two hours later. The van was full of property that had been stolen from Albertson's and other stores. Defendant was convicted of theft in the first degree and theft in the third degree. ORS 164.055; ORS 164.043. She challenges the validity of her conviction for theft in the first degree[1] and also demurs to the indictment.

■   Defendant argues that, as a matter of law, her conviction was based on insufficient evidence. That assignment of error is not properly before us, however, because defendant made no motion for judgment of acquittal and there are no unusual circumstances that would justify our review of the issue. *State v. Twitty,* 85 Or App 98, 104, 735 P2d 1252 *rev den* 304 Or 56 (1987).

■   Defendant's second assignment of error is a demurrer to the indictment on the ground that it fails to state facts sufficient to charge the crime of theft in the first degree.[2] The indictment provides, in part:

"COUNT 2

"And as part of the same act and transaction as set forth in Count 1 herein, the defendant on or about the 10th day of

---

[1] ORS 164.055 provides, in part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015 and:

"(a) The total value of the property in a single or aggregate transaction is $200 or more in a case of theft by receiving, and $500 or more in any other case * * *."

[2] Defendant did not demur below. The failure of an accusatory instrument to charge a crime may, however, be raised for the first time on appeal. *State v. Johnson,* 80 Or App 350, 353, 722 P2d 1266 (1986); *State v. Hunt,* 3 Or App 634, 637, 475 P2d 596 *rev den* (1970).

October, 1988, in the county aforesaid, did knowingly and unlawfully commit theft of property of another, medicine, cosmetics, toilet articles, soap, toothpaste, miscellaneous articles and food items of the total value of more than Five Hundred Dollars ($500), owned by Albertsons and others whose identities are to the Grand Jury unknown; contrary to statute and against the peace and dignity of the State of Oregon."

Defendant argues that, because there was no allegation that $500 worth of property was taken from any one victim, the indictment is invalid.

The state, however, is not required to state its theory of the case in the indictment, but must only include "a statement of the acts constituting the offense, in ordinary and concise language without repetition, and in such manner as to enable a person of common understanding to know what is intended." ORS 132.550(7). Under ORS 164.095 and ORS 164.055(1)(a), theft in the first degree may be established by proving that a person has committed theft and that

"[t]he total value of the property in a single or aggregate transaction is $200 or more in a case of theft by receiving, and $500 or more in any other case[.]"

Because the statute allows the value to be based on an "aggregate transaction," it was not necessary that the indictment allege that $500 was taken from one victim. Although defendant was entitled to argue at trial that the property taken did not make up a sufficient "aggregate transaction,"[3] a demurrer to the indictment would be appropriate only if it were apparent on the face of the accusatory instrument that the acts were not part of an aggregate transaction. *State v. Pena,* 15 Or App 582, 584, 516 P2d 761 (1973); *State v. Clipston,* 3 Or App 313, 319-20, 473 P2d 682 (1970). Here, as in *Pena,* the allegations on the face of the indictment do not, necessarily, describe more than one transaction. Defendant's demurrer is, therefore, overruled.

Defendant's final assignment of error is a challenge to the trial court's admission of hearsay evidence of the value of the items stolen. At the scene of the arrest, Albertson's

---

[3] "To fall within the meaning of an 'aggregate transaction' under ORS 164.055(1)(a), * * * a defendant's acts must be closely connected in time, place and circumstance, and there must be an overlap of evidence connecting the acts." *State v. Johnson,* 86 Or App 430, 433, 739 P2d 1088 (1987).

store manager, Janko, provided prices of the stolen items to the arresting officer. It is not disputed that, although all the price figures that Janko gave the officer were Albertson's prices, some of the products had been stolen from stores other than Albertson's. At trial, Janko testified about property stolen from Albertson's, but not about the actual prices of property stolen from the other stores. The state, however, offered an exhibit prepared by the officer, listing price information on *all* the property, based on the officer's discussion with Janko. Defendant objected, on the ground that the price information was inadmissible hearsay. The court admitted the evidence, stating its belief that the evidence should be admitted because of a "circumstantial guarantee of its trustworthiness, even though it takes on the nature of hearsay evidence * * *."[4]

Even assuming that the trial court's admission of the evidence was error, it was harmless error. There was overwhelming non-hearsay evidence of value. Defendant concedes that market prices could be established through Janko, as an expert, or through a lay witness. Janko did, in fact, testify that the market price of soap is 75 to 85 cents a bar. Two hundred sixteen bars of soap were found in defendant's van. He also testified about the market value of toothpaste, 78 tubes of which were recovered. The arresting officer, in addition, noted price tags remaining on some merchandise, including sweat pants and audio and video tapes. He also verified the market value of items by researching their price in retail stores. The total value of items priced by the above methods exceeds $500.

---

[4] OEC 803(25) provides:

"(a)  A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness [is not excluded by OEC 802], if the court determines that:

"(A)  The statement is relevant;

"(B)  The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

"(C)  The general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence.

"(b)  A statement may not be admitted under this subsection unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that such statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

Demurrer overruled; affirmed.