Argued and submitted December 22, 1998, reversed in part; otherwise affirmed
July 7, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID W. YOUNG,
*Appellant.*

(96CR0532; CA A95708 and A95952 (Control))
(Cases Consolidated)

985 P2d 835

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender. Appellant filed a supplemental brief *pro se*.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits,* Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Defendant appeals his convictions on multiple counts of making a false claim for health care payment, contending that four of the counts could not form the basis for convictions because he committed the acts on which they were based before the statute creating the crime went into effect. Defendant also contends that the trial court erred when, for sentencing purposes, it ranked the offense of making a false claim for health care payment at level six on the crime seriousness scale of the sentencing guidelines.[1] We reverse in part and affirm in part.

The jury could have found the following facts. Defendant operated a dental practice in Port Orford, Oregon. As part of his practice, defendant treated patients insured through the Oregon Health Plan (OHP). In order to receive payment for treating those patients, defendant was required to submit claims for payment to the OHP. Between August 4, 1995, and December 14, 1995, defendant submitted numerous claims to the OHP for periodontal services that he had not performed. In addition to the false claims, defendant altered his office medical records to reflect services not actually performed. Based on those facts, defendant was convicted, among other things, for violating ORS 165.692(1), which makes it a crime to make a false claim for health care payment.[2] The effective date of ORS 165.692 was September 9, 1995.

■■ In his first assignment of error, defendant argues that the trial court erred in not dismissing counts 10 and 28 of the indictment, because the acts on which those counts were based took place before the effective date of ORS 165.692.[3] Defendant did not raise that issue at any point in

---

[1] Defendant filed a supplemental brief in which he raised other purported errors by the trial court. Those assignments of error are without merit and we reject them without further discussion.

[2] ORS 165.692 provides, in pertinent part:

"A person commits the crime of making a false claim for health care payment when the person:

"(1) Knowingly makes or causes to be made a claim for health care payment that contains any false statement or false representation of a material fact in order to receive a health care payment[.]"

[3] In a supplemental brief, defendant also argues that counts 1 and 16 of the indictment are based on acts that took place before the effective date of ORS

the proceedings below but does so on appeal in the form of a demurrer. Defendant argues that he can raise the issue for the first time on appeal, because the facts stated in the indictment do not constitute a crime. *See* ORS 135.630(4); *State v. Carter*, 105 Or App 483, 485 n 2, *rev den* 312 Or 81 (1991).[4] Alternatively, defendant suggests that plain error review is appropriate, because the convictions on those counts constitute errors of law apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The state argues that defendant's challenge to the indictments comes not under ORS 135.630(4) but, rather, under 135.630(5) and, therefore, cannot be raised for the first time on appeal.[5]

In *State v. Wimber*, 315 Or 103, 843 P2d 424 (1992), the Supreme Court clarified the difference between ORS 135.630(4) and (5). The defendant there had argued that, because the statute of limitations had run for the crimes for which he had been charged, the facts stated in the indictment did not constitute a crime and, therefore, that a demurrer under ORS 135.630(4) was appropriate. The court disagreed, stating that a demurrer based on the running of a statute of limitation fell under subsection (5), not subsection (4), because the facts bearing on that issue, if proven, established

---

165.692. Defendant is incorrect. Although the dental services for which defendant sought payment were purportedly provided before September 9, 1995, the claims themselves were not submitted until October 30, 1995, and October 3, 1995, respectively. Because it is the date of the making of the false claim, and not the date of the services claimed, that is relevant, defendant's argument is unavailing. Although defendant states that there is evidence in the record to support his contention that the OHP considers a claim to be made at the time that services are provided, we find no such evidence. Accordingly, we address only defendant's contention that counts 10 and 28 cannot support a conviction.

[4] *See also State v. Martin*, 54 Or 403, 405, 100 P 1106 (1909) ("The objection that the facts stated in the indictment do not constitute a crime may be taken for the first time in the appellate court and is not waived by failing to demur or move for arrest of judgment in the trial court."). Defendant also argues that the counts at issue contain facts which, if true, constitute a legal bar to the action—in essence, defendant argues that, if the state were to prove that the challenged acts took place before September 9, 1995, then the action would be time barred, because the act for which defendant was indicted was not yet a crime. ORS 135.630(5). Defendant fails to note that a demurrer based on the second theory cannot be raised for the first time on appeal. *State v. Wimber*, 315 Or 103, 106, 843 P2d 424 (1992).

[5] ORS 135.630(4) provides that a defendant can demur to an "accusatory instrument when it appears on the face thereof * * * [t]hat the facts stated do not constitute an offense[.]" ORS 135.630(5), in turn, permits a demurrer when "the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action[.]"

a legal bar to the action, as opposed to establishing that no crime had been committed. 315 Or at 111. That distinction is important because, unlike subsection (4), a demurrer under subsection (5) cannot be raised for the first time on appeal.

In discussing the distinction between the two subsections, the *Wimber* court explained that, because time was not an essential element of the crimes charged, the fact that the indictment included dates beyond the applicable limitation period did not make the indictment insufficient under subsection (4), because the only requirement imposed by subsection (4) is that the indictment allege each of the essential elements of the offense. At first reading, that reasoning might appear to apply here—after all, there is no dispute that, by the time of trial, the facts alleged in the indictment stated all of the essential elements of the offense of making a false claim for health care payment, and time was not an essential element of the offense. There is, however, a vital difference. In this case, at the time that defendant committed the acts at issue, those acts were not a crime. In other words, the facts as stated could not constitute an offense because, *at the time those facts arose*, there was no offense for them to constitute. Accordingly, a demurrer under ORS 135.630(4) is appropriate.

We find support for that conclusion in a line of cases in which the court has considered demurrers under subsection (4) to be appropriate when the statutes under which the crimes were charged were unconstitutionally vague or provided no penalty. *See, e.g., State v. McKenzie*, 307 Or 554, 560, 771 P2d 264 (1989) (if statute is unconstitutionally vague, facts alleged in an indictment under that statute cannot constitute an offense); *State v. Robertson*, 293 Or 402, 405-06, 649 P2d 569 (1982) (same); *State v. Coven*, 115 Or App 538, 546, 839 P2d 261 (1992) (demurrer under ORS 135.630(4) proper to challenge unconstitutionally vague statute); *see also City of Portland v. Dollarhide*, 300 Or 490, 714 P2d 220 (1986).[6] In such cases, the courts have upheld a

---

[6] There also is authority for the proposition that a subsection (4) demurrer is inappropriate when the constitutional defect at issue is not the sort of defect that would vitiate the statute in its entirety. *See State v. Ysasaga*, 146 Or App 74, 79-80, 932 P2d 1182 (1997) (Measure 11 mandatory minimum sentence is not an element of the offense charged and, therefore, a subsection (4) demurrer challenging the

demurrer under ORS 135.630(4), because an invalid statute could not provide the basis for a conviction.

■ There is no dispute that defendant submitted the two claims at issue before the effective date of the criminal statute. Consequently, even if defendant were to admit to every fact in those counts, he would still be innocent of any offense because, at the time that he acted, his actions were not yet criminal. *See State v. Waldo*, 93 Or App 613, 615, 763 P2d 417 (1988) ("If an accused can admit the truth of every allegation of fact and still be innocent of a crime, then the indictment is insufficient and will not support a conviction."). Accordingly, the facts stated in the indictment in counts 10 and 28 do not constitute an offense; defendant's demurrer is timely; and the convictions on those counts are reversed.[7]

■ In his second assignment of error, defendant contends that the trial court erred when it categorized the crime of making a false claim for health care payment as a level six crime for purposes of the sentencing guidelines. OAR 253-004-0004 provides:

> "Except for ORS 163.095-163.105 Aggravated Murder, when a person is convicted of any other felony which is omitted from the Crime Seriousness Scale, the sentencing judge shall determine the appropriate crime category for

---

constitutionality of that sentence was not appropriate). The two lines of authority are not in conflict. The difference is that, on the one hand, the statute at issue is constitutionally sound but may have unconstitutional collateral effects while, on the other hand, the statute, because of its defects, is void *ab initio*. In the second instance, any indictment under the statute could not state an offense, because the statute's defects prevent it from being treated as ever having been effective.

[7] The state argued that the making of a false claim is a "continuing crime," which would mean that counts 10 and 28 would involve conduct that occurred after the effective date of ORS 165.692. However, it is clear from the unambiguous language of the statute that it is the initial submission of the false claim that is the criminal act. The fact that a claim remained open at the time that the criminal statute became effective is irrelevant, because any further action on the claim would be by the officials administering the OHP and not by defendant. The state as much as concedes that issue when it responds to defendant's argument that the counts should have been treated as attempts because he had not received payment by noting that payment of the claim is not an element of the offense. If defendant were to have filed a second claim for the same services, either as a new claim or in the form of a rebilling, after the effective date of the statute, then it is possible that the state could use that second claim as the basis for a charge. We need not decide that issue, however, because it does not appear, on this record, to have happened in this case.

the current crime of conviction and shall state on the record
the reasons for the offense classification."

In *State v. Rathbone II*, 110 Or App 419, 422, 823 P2d 432
(1991), *rev den* 313 Or 300 (1992), we stated that our review
of a sentencing judge's crime-category determination for an
unranked offense is limited "to whether the court's reasons
are stated on the record and whether those reasons reflect a
proper exercise of the court's discretion." Relying on our deci-
sion in *State v. Casavan*, 139 Or App 544, 546, 912 P2d 946,
*rev den* 323 Or 265 (1996), defendant contends that *Rathbone
II* was wrongly decided and that the proper standard of
review of a crime-category determination is for errors of law.
Defendant reasons that an abuse-of-discretion standard
allows a sentencing court too much leeway in categorizing
offenses and that that could result in great disparities in sen-
tences for similar crimes, an outcome that the guidelines
originally were intended to avoid. Or Laws 1987, ch 619. We
are not persuaded by defendant's argument and choose not to
revisit *Rathbone II*. Accordingly, we review the sentencing
court's decision on the rank of the disputed crime for abuse of
discretion and conclude that the court did not err.

■      When a sentencing court determines a crime cate-
gory for an unranked crime, it must state its reasons for
doing so on the record. OAR 253-004-0004. On review, the
issue is not whether we would have chosen a different crime
category but, rather, whether the sentencing court's reasons
for choosing the category reflect a proper exercise of its
discretion.

Defendant's sentencing hearing was held on Novem-
ber 26, 1996. The state argued that the unranked felony
should be assigned a crime seriousness level of six because
defendant's acts were akin to perjury, which already had
been ranked as a six on the scale. Defendant, in turn, argued
that his offenses were more akin to a property crime and that,
because the dollar amounts of the individual claims were less
than $1000, the proper ranking was either level one or level
two. The court's Judgment of Conviction and Sentencing
Order was filed on December 10, 1996. In it, the court set out
the findings of fact and conclusions of law that had led it to

rank the offense of filing a false claim for health care payments at crime seriousness level six.

"FINDINGS OF FACT

"1. The legislature did not intend to fill the state prison with persons who had committed misdemeanor theft.

"2. The dollar amount claimed by the defendant is not an element of the crime of Making a False Claim for Health Care Payment.

"3. The gravamen of Making a False Claim for Health Care Payment is the false statement.

"4. The defendant's conduct injured each and every patient for whom he was convicted of Making a False Claim for Health Care Payment.

"5. The defendant has prior convictions for Perjury and felony theft.

"6. The defendant lied under oath in the trial of the above-entitled case.

"7. The defendant has had a consistent pattern of deception since at least 1989.

"8. The defendant persistently has been involved in offenses similar to those of which he was convicted.

"9. The defendant committed multiple incidents of fraudulent billing which clearly were not errors but were a course of conduct.

"[10]. The defendant committed the crimes of which he was convicted while on federal diversion for bankruptcy fraud and under the supervision of a probation officer."

Based on its findings, the court reached the following conclusions:

"CONCLUSIONS OF LAW

"1. The offense of Making a False Claim for Health Care Payment, an unranked, Class C felony, should be ranked as 6 for the following reasons:

"a. Although injury to persons is not an element of the offense, the defendant did defraud and injure his patients by pretending to be a dentist and pretending to treat them.

"b. Making a False Claim for Health Care Payment is more like Perjury, which is ranked as 6, than it is like property crimes because of the element of false statement.

"c. The legislature did not intend for Making a False Claim for Health Care Payment to be sentenced like misdemeanor theft when the amount falsely claimed is less than $1,000 per claim."

We conclude that, in this case, it is possible to reach the decision that the court did without exceeding the bounds of its discretion. Accordingly, we conclude that the court did not err.[8]

Reversed as to counts 10 and 28; otherwise affirmed.

---

[8] We note that, since defendant's sentencing, the previously unranked offense of filing a false claim for health care payment has been ranked at level six.