Argued and submitted November 29, 2000, affirmed October 10, 2001, petition for review denied February 5, 2002 (333 Or 399)

STATE OF OREGON,
*Respondent,*

*v.*

DALE LEE HITT,
*Appellant.*

219806978; A104911

33 P3d 715

Jennelle Hall, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Thomas C. Patton, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals his conviction for unlawful possession of a firearm. ORS 166.250(1)(b) (1997).[1] He challenges the accusatory instrument on the ground that it failed to state a crime. ORS 135.630(4). He also assigns error to the trial court's denial of his pretrial motion to suppress evidence obtained as a result of a traffic stop. We affirm.

We accept the facts as found by the trial court if they are supported by evidence; if the trial court did not make findings concerning facts which were in dispute, "we will presume that the facts were decided in a manner consistent with the ultimate conclusion * * * made by the trial court[.]" *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993); *see also Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968); *State v. Kauffman*, 162 Or App 402, 404, 986 P2d 696 (1999), *rev den* 329 Or 630 (2000). Officer Bishop observed defendant speeding in the left lane of Interstate 5. The officer pulled into traffic behind defendant and turned on his flashing lights and, eventually, his siren. Defendant pulled to the shoulder and stopped at least one mile from the point at which the officer had turned on his flashing lights. Both before and after defendant pulled over, Bishop observed him making leaning movements toward the passenger seat and the floor of the car. When the officer approached defendant, defendant "appeared nervous." The officer ultimately asked defendant whether there was a firearm in the car. Defendant responded that there was a gun on the floor. Defendant also informed the officer that he did not have a license to carry the firearm. A backup officer searched the car and found the gun on the floor of the front passenger seat. Officers also discovered a backpack in the back seat of the car; it contained a second gun and other items.

---

[1] ORS 166.250 (1997) provided, in part:

"(1) [A] person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(b) Carries concealed and readily accessible to the person within any vehicle which is under the person's control or direction any handgun, without having a license to carry such firearm as provided in ORS 166.291 and 166.292[.]"

Defendant was charged by information with two counts of "UNLAWFUL POSSESSION OF A FIREARM IN A VEHICLE." As pertinent to count one, on which defendant was convicted, the information alleged as follows:

"The defendant on or about the 4th day of April, 1998, in the county aforesaid, did unlawfully and knowingly carry a .357 magnum handgun concealed and readily accessible about his person within a vehicle under the defendant's direction and control."

In addition, the information contained a citation to "ORS 166.250/Class A Misdemeanor." Defendant did not challenge the sufficiency of the information. In a pretrial motion, he moved to suppress evidence obtained as a result of the traffic stop. The trial court denied the motion, and defendant was convicted.

On appeal, defendant first asserts that the information failed to state a crime, ORS 135.630(4), because it failed expressly to state that defendant did not possess a concealed weapons permit.[2] In particular, defendant asserts that he could admit every allegation in the information without being guilty of a crime. The state responds that the information was sufficient to state a crime.

In *State v. Crampton*, 176 Or App 62, 31 P3d 430 (2001), we considered a challenge to a virtually identical accusatory instrument. In that case, the relevant count of the indictment was captioned "UNLAWFUL POSSESSION OF A WEAPON ORS 166.250" and alleged that the defendant "did unlawfully and knowingly carry [a firearm] concealed and readily accessible to the person within the vehicle which was under the defendant's direction and control." *Id.* at 65. We concluded that the allegations in the count as a whole

---

[2] ORS 135.630(4) provides that a defendant may demur to an accusatory instrument when it appears upon the face thereof that "the facts stated do not constitute an offense[.]" As defendant does here, a defendant may raise for the first time on appeal a demurrer to an accusatory instrument on the ground that it fails to state an offense. *State v. Young*, 161 Or App 507, 509-11, 985 P2d 835 (1999), *rev den* 329 Or 590 (2000).

constituted a sufficient statement of that offense for the purpose of ORS 135.630(4). In particular, we relied on the identification in the caption of the particular offense and the particular statutory provision; the reference in the text of the charge to carrying the weapon "within a vehicle"; and the use of the word "unlawfully," the plain meaning of which is "not authorized or justified by law : not permitted." *Id.* at 68.

The accusatory instrument in this case also included references, in the caption and elsewhere on its face, to "UNLAWFUL POSSESSION OF A FIREARM IN A VEHICLE" and to ORS 166.250. In addition, the text of the relevant count alleged that defendant "did unlawfully and knowingly carry a [firearm] concealed and readily accessible about his person within a vehicle under the defendant's direction and control." For the reasons set out in *Crampton*, we conclude that the accusatory instrument was sufficient to state a crime as required under ORS 135.630(4).

■■ In his second assignment of error, defendant asserts that the trial court erred in denying his pretrial motion to suppress evidence. Specifically, relying on *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987), defendant asserts that Bishop's inquiry regarding the presence of weapons in his car violated ORS 810.410 and constituted an impermissible warrantless search or seizure of him in violation of the Oregon and United States Constitutions, because that inquiry expanded the scope of the traffic stop and was not justified by reasonable suspicion, based on specific and articulable facts, that defendant posed an immediate threat of serious physical injury to the officer or other persons.[3] Defendant argues that all evidence discovered as a result of that inquiry therefore must be suppressed. The state responds that Bishop's question was authorized under ORS 810.410(3)(d) (1997); that the state and federal constitutions do not prohibit such an inquiry in the context of an otherwise valid traffic stop; and that, in any event, Bishop reasonably suspected that defendant posed a threat to his safety.

---

[3] Defendant does not argue that the inquiry extended the *duration* of the traffic stop. *See State v. Amaya*, 176 Or App 35, 44, 29 P3d 1177 (2001) (noting distinction between questioning that exceeds the scope of an otherwise lawful traffic stop and questioning that extends the duration of the stop).

Defendant's assertion that ORS 810.410 requires a police officer to have reasonable suspicion that a lawfully stopped person has committed a crime before making an inquiry regarding the presence of weapons was answered adversely to his position in *State v. Amaya*, 176 Or App 35, 29 P3d 1177 (2001). As we held in that case, under ORS 810.410(3)(d), a police officer is not required to have reasonable suspicion in order to make that statutorily authorized inquiry. In *Amaya*, we also held that mere conversation, including an inquiry regarding the presence of weapons, that occurs during the course of an otherwise lawful traffic stop does not constitute an impermissible search or seizure under Article I, section 9, or the Fourth Amendment. Consequently, the trial court in this case did not err in denying defendant's motion to suppress evidence discovered as a result of Bishop's inquiry regarding the presence of weapons.

Affirmed.