Argued and submitted July 31, 2002, affirmed May 22, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## BENJEMIN RAYMOND CALDWELL,
*Appellant.*

200000234, 200011607, and 209914228;
A112043 (Control), A112044, and A112045
(Cases Consolidated)

69 P3d 830

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Monica L. Finch, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kaye E. McDonald, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals two judgments of conviction arising out of consolidated prosecutions. First, he argues that the trial court should have granted his motion for judgment of acquittal on a charge of first-degree burglary. Next, defendant demurs, for the first time on appeal, to his indictment on a charge of carrying a concealed weapon. We reject without further discussion defendant's challenge to the sufficiency of the evidence on first-degree burglary. We write to address only defendant's challenge to the indictment on the charge of carrying a concealed weapon. For reasons we explain below, we affirm.

The relevant portion of the indictment charging defendant with carrying a concealed weapon alleged:

"The defendant, on or about November 6, 1999, in Lane County, Oregon, did unlawfully and knowingly carry upon the defendant's person an instrument similar to a dagger, which was designed and intended for use as a weapon and could be used to inflict injury upon a person or property of another * * *.

"* * * * *

"ORS 166.240/Class B Misdemeanor[.]"

Defendant did not demur to or otherwise challenge his indictment on that charge, either before arraignment or before or during trial. On appeal, however, defendant raises a claim that the facts set out above do not allege an offense. In particular, defendant argues that, although "carrying a dagger on one's person can be illegal * * *, the state did not allege any particular facts in this case that would make defendant's carrying of the dagger illegal." From that premise, defendant concludes that, "[b]ecause the indictment did not state an offense, the court lacked jurisdiction to enter the conviction [on carrying a concealed weapon]." The state responds by urging that, read liberally and as a whole, the indictment was sufficient to inform defendant that the state intended to prove that the weapon was concealed and otherwise to serve the purposes of an indictment.

■ ■ As an initial matter, the parties do not debate whether defendant may raise that issue for the first time on appeal. That lack of debate is not surprising—our cases have stated repeatedly that an indictment's failure to allege facts constituting an offense is a claim that can be asserted on appeal despite the lack of preservation. *See, e.g., State v. Early*, 180 Or App 342, 344, 43 P3d 439, *rev den*, 334 Or 260 (2002).[1] Preservation, however, is an issue that we have an obligation to examine *sua sponte. State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000). In light of the Oregon Supreme Court's decision in *State v. Terry*, 333 Or 163, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002), we have reexamined the proposition that a defendant may, for the first time on appeal, challenge a charging instrument on the ground that it fails to state facts sufficient to constitute an offense. We conclude that our prior statements in that regard have been vitiated by the decision in *Terry,* and we therefore overrule our prior cases so holding to the extent that they are contrary to our decision here.

*Terry* involved a prosecution for aggravated murder under ORS 163.095(1)(d) (1993), which required that the murder be committed intentionally and that there be more than one murder victim during the same criminal episode. 333 Or at 185. During the penalty phase, the jury was asked to determine whether the conduct that caused the victims' deaths was committed deliberately. Based on that jury instruction, the defendant argued that deliberateness was an element of the crime that had to be set out in the indictment.

■ Although he did not make that argument to the trial court, the defendant in *Terry* argued on direct review that the failure to allege deliberateness in the indictment "deprived the trial court of subject matter jurisdiction and that lack of subject matter jurisdiction can be raised at any stage of the proceedings." *Id*. The Supreme Court rejected that argument.

---

[1] *See also State v. Crain*, 177 Or App 627, 632, 33 P3d 1050 (2001), *rev den*, 334 Or 76 (2002); *State v. Hitt*, 177 Or App 168, 171 n 2, 33 P3d 715 (2001), *rev den*, 333 Or 399 (2002); *State v. Crampton*, 176 Or App 62, 66, 31 P3d 430 (2001); *State v. Young*, 161 Or App 507, 509-11, 985 P2d 835 (1999), *rev den*, 329 Or 590 (2000); *State v. Carter*, 105 Or App 483, 485 n 2, 805 P2d 721, *rev den*, 312 Or 81 (1991); *State v. Johnson*, 80 Or App 350, 353, 722 P2d 1266 (1986); *State v. Hunt*, 3 Or App 634, 637, 475 P2d 596, *rev den* (1970).

The court reasoned that subject matter jurisdiction generally "defines the scope of proceedings that may be heard by a particular court" and is "conferred by statute or the constitution." *Id.* at 186. In Oregon, circuit courts have jurisdiction "over all actions unless a statute or rule of law divests them of jurisdiction." *Id.* Specifically, "once a person has been indicted by a grand jury, that person can be charged 'in a circuit court with the commission of any crime punishable as a felony.' " *Id.* (quoting Or Const, Art VII (Amended), § 5(3)). After reviewing those principles, the court in *Terry* concluded that "[t]he trial court * * * had subject matter jurisdiction to try [the] defendant for the crime of aggravated murder, even if the indictment arguably was defective." 333 Or at 186. As a result, "[a]n indictment, if it is defective, may be reviewed for error rather than for lack of subject matter jurisdiction." *Id.* at 186 n 15. The court then proceeded to examine whether the defendant's challenge to the indictment for failure to plead deliberateness was a "plain error" that could be raised for the first time on appeal. The court concluded that it was not.[2]

■■ *Terry* is significant in two respects. First, it expressly holds that the failure of an indictment to allege facts sufficient to constitute an offense is not a jurisdictional defect. Second, *Terry* establishes that the merits of such a claim can be considered for the first time on appeal only if the claim qualifies as plain error. Necessarily implicit in the court's "plain error" examination is the court's conclusion that preservation requirements apply to a challenge to the failure of an indictment to allege an offense. Under *Terry*, then, we can reach and resolve the merits of defendant's claim in this case—*i.e.*, a challenge to the indictment based on the state's

---

[2] More specifically, the court concluded that the error did not satisfy the requirements of the plain error doctrine that it be an obvious error because it was not error at all. *Id.* at 187. As that conclusion on the court's part suggests, an uncomfortable tension sometimes exists between the principle that a reviewing court is not permitted to review the merits of an unpreserved claim (*see Wyatt*, 331 Or at 346) and the practical reality that a court may have to do so to assess whether the error is an obvious one and not reasonably in dispute. *See also State v. Oatney*, 335 Or 276, 294, 66 P3d 475 (2003) ("There is no reason to address the issue whether allowing the jury to decide [if an alleged error] is 'error apparent on the face of the record' without first determining whether it was error at all.").

failure to plead the element of "concealed"—only if the issue qualifies as error apparent on the face of the record.[3] We therefore turn to that question.[4]

 To be error apparent on the face of the record, an alleged error must satisfy three predicate criteria: (1) it must be an error "of law"; (2) it must be "apparent," meaning the point must be obvious, that is, not reasonably in dispute; and (3) it must appear on the face of the record, meaning the court need not look beyond the record to identify the error or "choose between competing inferences, and the facts constituting the error must be irrefutable." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Even if this court finds that all three of those criteria are met in this case, the court still must exercise its discretion to consider the error, a decision that "should be made with utmost

---

[3] Past cases concluding that such an issue can be raised for the first time on appeal have not offered any substantial rationale for the conclusion. *See generally* 187 Or App at 723 n 1 (citing cases). Much as was true on the civil side, the rule may derive from the fact that, historically, the defenses of lack of subject matter jurisdiction and failure to state a claim have been linked in Oregon law and both have been subject to special provisions regarding how they may be raised *at trial*. *See* ORS 135.640 (objection to the court's jurisdiction or that the facts stated in the indictment do not constitute a crime may be made by demurrer or in arrest of judgment); *see generally Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 383, 8 P3d 200 (2000) (discussing civil defenses). Older Oregon cases viewed both jurisdictional defects and failure to state a claim as divesting a court of its "power to render a judgment that would be of any validity." *Waddill*, 330 Or at 383 (quoting *Carver v. Jackson County*, 22 Or 62, 63-64, 29 P 77 (1892)). Now, however, a court's lack of power to render a valid judgment is a consequence of either a defect in the court's jurisdiction or applicable statutory constraints. *See Waddill*, 330 Or at 382-84. As pertinent here, no statute divests a court of power to issue a valid criminal judgment in a case where an indictment fails to allege a fact constituting the offense. To the contrary, the fact that ORS 135.640 authorizes a motion "in arrest of judgment" on that ground implies that such a judgment is effective unless and until arrested pursuant to that procedure. And, as detailed above, *Terry* holds that a failure to plead facts constituting a criminal offense is not jurisdictional. As a result, the doctrinal underpinnings for permitting the challenge to be raised for the first time on appeal are wholly lacking. *See generally Waddill*, 330 Or at 382-84 (concluding that, because failure to state a claim is not jurisdictional, a challenge to a civil complaint on that ground must be properly raised and preserved at trial).

[4] Our rules require that an appellant demonstrate that a particular issue is an error apparent on the face of the record and of the kind that this court can reach notwithstanding the lack of preservation. ORAP 5.45(4), (6). Here, defendant did not do so, having justifiably relied on our prior cases applying the principle that his claim is one that can be raised for the first time on appeal. We therefore waive that requirement in this instance. *See* ORAP 1.20(5) (providing that, for good cause, the court may waive any rule of appellate procedure).

caution" as review of plain error is "contrary to the strong policies requiring preservation and raising of error." *Id.* at 382.

Here, we need not decide whether the issue satisfies the predicate three requirements for showing plain error. Even assuming that the issue meets those requirements, we decline to exercise our discretion to consider the alleged error. The challenged count of the indictment alleges that defendant engaged in the charged conduct "on or about November 6, 1999" and refers to ORS 166.240. That section defines the crime of carrying of concealed weapons, a Class B misdemeanor for which the statute of limitations is two years. ORS 131.125(6)(b). Defendant was tried on that charge on September 8, 2000. Had he raised the alleged defect in the indictment in the trial court by demurrer, the state could have moved to amend the indictment, presented the evidence once again to a grand jury and sought to reindict defendant or, because the crime is a misdemeanor, simply filed a district attorney's information. Any of those actions would have permitted the state to take the case to trial before the statute of limitations ran in November 2001. Defendant's choice to raise the issue for the first time on appeal, however, frustrates the state's ability to bring the prosecution at all.

Thus, were we to exercise our discretion to consider this claimed error for the first time on appeal, the result would be, in effect, an outright reversal, because the statute of limitations has run. That would reward defendant for not making a timely challenge at trial, either by way of demurrer or motion in arrest of judgment. In other words, if we reach defendant's argument, he and others similarly situated are potentially better off not challenging the indictment before trial. Instead of doing so and running the risk of being reindicted and subsequently convicted, a defendant could essentially gamble that a reviewing court would consider any alleged defect in the indictment as plain error and do so at a time when the state would be precluded from proceeding against the defendant again.

As earlier noted, *Ailes* cautions that we should exercise our discretion to consider plain error only "with utmost caution" so as not to undercut "the strong policies requiring preservation and raising of error." 312 Or at 382. One of the

"strong policies" served by the preservation doctrine is that, by raising an argument in the trial court, a party gives his or her adversary the opportunity to respond to that argument when such an opportunity still has meaning. *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den*, 321 Or 47 (1995) ("[T]he opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court * * * proceedings, where all of the factual and much of the legal development of cases must occur."). In light of the starkly divergent remedies to which defendant would be entitled depending on when he raised his challenge to the indictment, we decline to exercise our discretion to consider the alleged error.

Affirmed.